THE STATE v. SANFORD, *Appellant*.

Division Two, November 5, 1894.

1. **Criminal Practice:** VERDICT: SUFFICIENCY OF EVIDENCE. Where the inference of guilt can be reasonably drawn from the evidence, the verdict will not be interfered with on appeal on the ground of want of evidence to support it.

2. ———: RAPE: EVIDENCE. It was not error, on a trial for rape, to permit the mother of the prosecutrix to testify as to what she saw wrong with the prosecutrix, a child of eight years, within a week following the assault, in corroboration of the testimony of a physician.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment sufficiently charges the offense under the statute. There is no error apparent upon

the record proper.  R. S. ·1889, sec. 3480;  *State v. Wray*, 109 Mo. 594;  *State v. Lacey*, 111 Mo. 514.   (2) A party charged with the offense of rape may be lawfully convicted of an assault with intent to ravish.  R. S. 1889, secs. 3940, 3950;  *State v. Dalton*, 106 Mo. 463. (3) The court did not err in permitting the mother to testify as to the condition of the child as discovered by her within a few days after the alleged assault;  especially as the physician, who saw the child even later, had been allowed to testify, without objection, to the same facts.

BURGESS, J.—Defendant was indicted for the offense of rape at the October term, 1892, of the St. Louis criminal court charged with ravishing one Luzella Meneace, a female child under the age of fourteen years, in the city of St. Louis, on the nineteenth day of September, 1892.  He was duly arraigned at the November term, and pleaded not guilty.  At the May term, 1893, he was convicted of an assault with intent to ravish, and his punishment fixed at four years in the penitentiary.  Motions for new trial and in arrest were successively filed and overruled.  Defendant is not represented in this court.

The testimony on the part of the state tended to show as follows:  The prosecutrix, Luzella Meneace, was a little negro girl, not quite eight years old at the time of the commission of the alleged offense;  she was in the habit of going to the house of a Mrs. Jones (also a negro) to take care of a baby.  Defendant (also a negro) occasionally visited Mrs. Jones' house.  On the nineteenth of September, 1892, the little girl went to the house of Mrs. Jones, at 1305 Poplar street, St. Louis, and took charge of the baby;  when the latter went to sleep she laid it on the bed, and herself lay ·down on a couch (or sofa) in the same room, and fell

asleep. She was awakened by the appellant, whom she found lying upon her body, between her limbs, "rubbing up and down;" her skirts had been drawn upon her breast, her drawers opened, and she felt a pain. When she awoke, he got off her and she saw his private parts exposed. He bade her arrange her clothing, while he arranged his own, and come with him to a laundry, and threatened that if she told any one of what had occurred he would shoot her. On the following Sunday her mother was bathing her and discovered something wrong. She was taken at once to the city dispensary, and there examined by the physician in charge, who testified that he found her private parts inflamed, unduly enlarged, and discharging purulent matter, but could not say whether there had been a penetration or whether the discharge was due to gonorrhea or ureteritis. The same physician examined the defendant a day or two afterward, in the jail, and found him suffering with the same discharge.

The testimony on the part of the defendant tended to show that he was a man of good character; that there were several persons in the house of Mrs. Jones at the time he was there on the day in question, and that he had nothing to do with the prosecutrix; that other persons occupied the couch, or sofa, at times, during the entire day; that the little girl at no time was on the sofa, or asleep. Defendant himself denied having anything to do with the child, and asserted that the testimony of the physician as to his having any trouble with his private parts was wholly false.

But one exception was saved to testimony during the trial. Over the objection of defendant, the mother of the child was permitted to testify as to what she saw wrong with her on the Sunday following the alleged assault.

The court instructed on assault with intent to

The State v. Sanford.

ravish, good character, competency of defendant as a witness, credibility of witnesses, and reasonable doubt.

There is no apparent defect in the indictment, which appears to be in the approved form, and free from objection. *State v. Wray*, 109 Mo. 594; *State v. Lacey*, 111 Mo. 514.

The first assignment of error in the motion for new trial, is that the verdict is against the law and the evidence. The weight of the evidence was a question for the jury, under the instructions of the court which gave the defendant the benefit of all reasonable doubt, and we are not prepared to say that the verdict is not supported by the evidence. This court has uniformly held that when in a criminal cause the inference of guilt can be reasonably drawn from the evidence it will not interfere with the verdict on the ground of want of evidence to support it. *State v. Orrick*, 106 Mo. 111; *State v. Jackson*, 106 Mo. 181; *State v. Banks*, 118 Mo. 117. It is only when there is an entire failure of proof that it will interfere. *State v. Schaefer*, 116 Mo. 96.

Another assignment of error is that the court admitted illegal testimony against defendant's objections. The record shows that there was but one exception saved to the ruling of the court upon the admission of the testimony during the trial, and that was in permitting the mother of the child to testify as to what she saw wrong with her private parts on the Sunday following the alleged assault while bathing her. This was within a week after the assault was alleged to have been committed and was clearly admissible for the purpose of showing the condition of her private parts and in corroboration of the statements of the prosecuting witness, as well also as of the physician who examined both her and the defendant a few days

after the offense is alleged to have been committed. *State v. Murphy*, 118 Mo. 7; *State v. Duffy, ante*, p. 1.

The instructions covered every phase of the case, and were very favorable to the defendant, and there being found no error in the record the judgment is affirmed. All of this division concur.