## THE STATE v. JOHN W. STACKHOUSE, Appellant.

### Division Two, May 9, 1912.

1. **INSTRUCTION: Refusal of Defendant's.**   It is not error to refuse a proper instruction asked by defendant upon a question of law upon which the court has correctly instructed the jury in another instruction given of its own motion.

2. ——————: **Rape: Corroboration of Prosecutrix.**   Corroboration of the prosecutrix is not essential to sustain a conviction for statutory rape.

3. **EVIDENCE: Rape.**   Testimony as to sending for the doctor to examine the little girl after her condition was made known to her mother; as to the appearance and condition of prosecutrix after the alleged offense; as to what she said to defendant when he came into the house where she was alone; as to what defendant said to neighbors the same day; as to the competency of the doctor to describe the condition of prosecutrix when he made the examination after the alleged assault, was clearly admissible.

4. ——————: ——————: **Sufficiency.**   Defendant, a vender of soaps, at ten o'clock on the last day of June, entered the house where the ten-year-old prosecutrix was alone.   She testified that he laid her on a bed and assaulted her, but could not describe

clearly what he did to her, but said he placed his private parts between her legs. She made no outcry, but when a young neighbor at work in the field, whose sister becoming suspicious had sent for him to investigate, arrived at the house, the defendant came out, got in his buggy and drove away, and she handed to the neighbor a dipper to get a drink, but he noticed nothing unusual in her appearance. A few minutes later her mother returned and found her lying on a couch crying. She told her mother of the assault, and her mother washed her and found her genital organs sore and swollen. A physician, immediately called, testified that he found the child in a nervous condition and the inner lip of the vagina denuded of skin, "the skin rubbed off"; that the abrasion was within the vagina "and about a half an inch from the external part," but that "the hymen was not ruptured"; and that blood oozed from the abrasion. When defendant was apprehended he gave a false and assumed name. *Held*, that the testimony authorized a verdict either for actual rape or an assault with intent to rape, and the court having given proper instructions upon both offenses, a verdict for rape is approved.

5. **RAPE: Penetration: No Ruptured Hymen.** The slightest penetration, though not of sufficient depth to injure the hymen, is sufficient to constitute the crime of rape.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

Affirmed.

*Zach J. Mitchell* for appellant.

The evidence was not sufficient in law to justify the jury in returning its verdict of guilty of rape. State v. Dalton, 106 Mo. 470; State v. Scott, 172 Mo. 545; State v. Lacy, 111 Mo. 541; State v. Bell, 194 Mo. 264. Upon all the evidence in this case it should have been given to the jury upon an instruction upon which they might from the evidence have found a verdict of guilty of felonious assault or attempt to rape.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) Rape is the carnal knowledge of a female forcibly and against her will. Hubert v. State, 104

N. W. 276. Any penetration, however slight, is sufficient to complete the offense. Posey v. State, 38 So. (Ala.) 1019; People v. Estell, 94 N. Y. Supp. 748. Force is a necessary element. Perez v. State, 87 S. W. 350. It is not necessary that physical force be used. Constructive force is sufficient, as by duress or putting in fear. Posey v. State, 38 So. (Ala.) 1019. An outcry is not essential to the proof of the crime, and failure to make an outcry raises no presumption of law that the prosecutrix has sworn falsely. State v. Miller, 90 S. W. 838. Failure of the female to immediately make complaint, or if she delays in making complaint, raises no presumption of law that her statements are untrue. State v. Diltz, 90 S. W. 782; State v. Miller, 90 S. W. 838. (2) ˉ The clothing worn by the accused, is sufficiently identified, may be shown in evidence. Roszczyniala v. State, 125 Wis. 414. The identification may be either by direct or circumstantial evidence. Jones v. State, 1 Tex. App. 87; Bill v. State, 5 Hum. (Tenn.) 155. It is sufficient that prosecutrix identify appellant, if she is corroborated by circumstances, notwithstanding he may offer contradictory evidence. Johnson v. State, 128 Ga. 102; People v. Brobst, 237 Ill. 390; State v. Becker, 106 Ia. 99; People v. McGuinness, 15 N. Y. Supp. 230. (3) The refused instructions were all covered by those given by the court. The instructions given were full, fair, complete and covered every phase of the issues presented by the evidence.

KENNISH, J.—At the September term, 1910, of the circuit court of St. Louis county, appellant was convicted of the crime of statutory rape and his punishment assessed at imprisonment in the penitentiary for a term of twenty-five years.

The evidence tended to prove these facts: At the time of the alleged offense the defendant resided in a rooming house in the city of St. Louis, having but

recently become a resident of this State. He was about forty-two years of age and was engaged in the business of peddling soap and collecting soap wrappers in St. Louis county. The prosecutrix, Hazel Ludwig, then under ten years of age, resided with her parents on Manchester Road in said county. On the morning of June 30, 1910, the mother of prosecutrix and two other children went some distance from their home to pick blackberries, leaving Hazel at the home of a neighbor near by and in plain view of the Ludwig home. Shortly before 10 a. m. Hazel went to her home and was in the house alone when defendant drove up in a single buggy, hitched his horse and went into the house. He had previously on that day visited other homes in the neighborhood, offering to sell soap and soliciting soap wrappers, and was identified at the trial by a number of witnesses as the man who had been seen there and who went into the Ludwig home on that day. The prosecutrix testified that the defendant came into the house, inquired of her as to where her mother was and talked about selling soap. He told her to tell her mother to save the soap wrappers for him and he would give her (prosecutrix) a dress, shoes and stockings. After having had her stand upon a chair and measuring her he had her go into the bedroom, where he laid her on the bed and assaulted her. She could not describe clearly what the defendant did to her, but testified that he placed his privates between her legs, and also to other acts which tended to prove an assault with intent to rape. Her testimony alone did not prove penetration. A young lady at the home where Hazel had been left by her mother saw the man, whom she afterwards identified as the defendant, enter the Ludwig house. After he had remained inside some time she became uneasy and sent her sister to the field to tell her brother to come home to investigate the matter. The brother went to Ludwig's and just as he arrived the defendant came out, got into

his buggy and drove away. Hazel made no outcry, and when the young man came from the field and to the house she handed him a dipper to get a drink at the well and received it from him again, but he noticed nothing unusual in her appearance. A few minutes thereafter her mother returned and found Hazel on the couch crying. She was informed by Hazel of the conduct of the man who had visited the house in her absence. The mother testified as to the condition in which she found her daughter, and that she washed her and found her genital organs sore and swollen. A physician was immediately called. He made an examination and testified that he found the child in a very nervous condition and that the genital organs disclosed "an abrasion of the inner lip of the vagina." Asked what he meant by an abrasion he answered: "It means a place where the parts were denuded of skin—the skin rubbed off." He further testified that the abrasion was within the vagina "and about a half an inch from the external part," but that "the hymen was not ruptured." The defendant, testifying in his own behalf, said he had never seen the prosecutrix until he saw her at the trial, and denied that he was guilty of the charge against him.

The court submitted the case to the jury upon instructions authorizing a conviction of the crime of rape, or of an assault with intent to rape, or acquittal on the ground of reasonable doubt, accordingly as they should find and believe from the facts and circumstances in evidence.

I. Appellant complains that the court erred in refusing to give instructions numbered 1, 2 and 3 asked by the defendant. Instruction numbered 1 was upon the subject of penetration, and number 2 submitted the law as to the credibility of the witnesses. Both of these subjects were covered by correct instructions given by the court of its own motion, and it is

well settled that it is not error to refuse even a proper instruction upon a question of law upon which the court has correctly instructed the jury in another instruction. [State v. Driscoll, 235 Mo. 377; State v. Gow, 235 Mo. 307; State v. Sharp, 233 Mo. 269; State v. Nelson, 166 Mo. 191.]

Instruction numbered 3 asked by the defendant declared it to be the law that in prosecutions for rape the prosecutrix must be corroborated and that a conviction could not be sustained upon her testimony alone. That instruction was properly refused for the reason that it was not a correct statement of the law. This court has held in a number of cases that corroboration of the prosecutrix is not essential to sustain a conviction for rape. [State v. Tevis, 234 Mo. 276; State v. Welch, 191 Mo. 179; State v. Dilts, 191 Mo. 665; State v. Day, 188 Mo. 359; State v. Marcks, 140 Mo. 656.]

II. One ground of the motion for a new trial is that the court admitted incompetent evidence over the defendant's objections. We have carefully examined the record upon this point. Many objections were made by the defendant to the testimony offered by the State and except in a few instances they were sustained. Those that were not sustained were objections to testimony as to sending for the doctor to examine prosecutrix; as to the appearance and condition of prosecutrix after the alleged offense; as to what she said to the defendant when he came into the house; as to what the defendant said to neighbors the same day; and as to the competency of the doctor to describe the condition of prosecutrix when he made the examination. All of the testimony thus objected to is so clearly admissible under the well recognized rules of criminal evidence that we do not consider it necessary to cite authority in support of the rulings of the court.

242 Sup.—29

III.   A new trial was asked upon the ground that the court had erred in its instructions to the jury.   The court gave twelve instructions which fully presented every question of law arising in the case, and they were as favorable to the defendant as he was entitled to.

IV.   The defendant asked an instruction in the nature of a demurrer to the evidence at the close of the State's case, which was refused, and in the motion for a new trial and again in this court he complains that the evidence was insufficient to sustain the verdict.   This assignment requires a brief review of the incriminating facts in evidence.   The alleged offense was committed at ten o'clock in the morning of the last day of June.   We gather from the testimony that the Ludwig home was in a thickly settled community. The defendant had visited a number of houses in that neighborhood the same day.   He left his cards at the places he visited and similar cards were found in the buggy which he had hired and used for a number of days in his business.   He was identified by the people he had visited both in personal appearance and by the horse he drove.   The liveryman recognized him as the man who had used his horse and buggy.   He was also identified by those who saw him going into the Ludwig house and coming out of it.   He was therefore identified by the most satisfactory evidence as the man who had entered the Ludwig home on that day and committed the offense upon the prosecutrix, if any offense was committed upon her.

As to the facts tending to prove the *corpus delicti* the evidence is not so direct and satisfactory as it is upon the question of identity.   This may have been because of the youth and immaturity of the prosecutrix.   But in addition to her testimony it was in evidence that the prosecutrix was found crying shortly after the defendant left the house; that her genital

organs were swollen; and the physician found an abrasion from which blood oozed, half an inch within the external parts of her body. Besides, when the defendant was apprehended he gave a false and assumed name, thus showing a consciousness of guilt. Such testimony leaves little doubt of the commission of one of two offenses, namely, rape and assault with intent to rape, upon which the court, under proper instructions, authorized a conviction. The only room for uncertainty is as to whether the evidence tended to prove the higher offense, of which the defendant was convicted, or only the lesser crime of assault. If there was satisfactory testimony from which the jury could find that there was a penetration of the body of the prosecutrix, then they were authorized to find the defendant guilty of the crime of rape, and the verdict should stand. The law as to what penetration is sufficient to constitute the crime of rape is stated in Kelley's Crim. Law & Prac., sec. 539, as follows: "The slightest penetration, though not of sufficient depth to injure the hymen, has been held sufficient to constitute the crime of rape. Penetration may be presumed from the circumstances." The law as thus stated is supported in 1 Wharton's Crim. Law (10 Ed.), secs. 554, 555; 2 Bishop's New Crim. Law (8 Ed.), sec. 1132; 33 Cyc. 1422.

Under the foregoing rule it must be held that the court properly refused the demurrer to the testimony, and that the jury was fully warranted in finding the vedict returned.

Because of the seriousness of the charge against the defendant we have gone over this record with the utmost care, and our conclusions are that the defendant was accorded a fair trial; that the evidence sustains the verdict; and therefore that the judgment should be affirmed. It is so ordered. *Ferriss, P. J.,* and *Brown, J.,* concur.