STATE v. ALBERT BURTON, Appellant.—No. 39787.—198 S. W. (2d) 19.

Division One, December 9, 1946.

*W. H. Meredith* and *Lawrence T. Tedrick* for appellant.

*J. E. Taylor,* Attorney General, and *Arthur M. O'Keefe,* Assistant Attorney General, for respondent.

DOUGLAS, J.—Albert Burton was convicted of statutory rape and sentenced to a term of twenty-five years. Early one Saturday morning the prosecutrix, a fourteen-year old girl, accompanied her father to Poplar Bluff where he worked, from their home seven miles away. She first visited her grandmother. She was walking along Main Street eating a candy bar when Burton picked her up about 11:30 A. M. He took her to a hotel where he registered her as his wife and then took her to a room which they occupied until 4:30 P. M. the following afternoon. The girl testified Burton had intercourse with her four times. Their presence together in the hotel room was testified to by the chambermaid.

The girl's father who had notified the police of her absence and had been searching the town for her Saturday night and Sunday, found her as she and Burton were leaving the hotel on Sunday afternoon. He took her directly to the police station and the police went to the hotel and arrested Burton. Then he took his daughter to a doctor at the hospital where she was examined and found to have had sexual

intercourse. When Burton was arrested he told the police he had taken the girl to the hotel but was too drunk to have anything to do with her.

The girl testified she did not leave the hotel room from the time Burton took her there shortly before noon on Saturday until the following Sunday afternoon. A druggist testified Burton and the girl were together in his drug store about five o'clock Saturday afternoon. Other witnesses testified to seeing them walking about the streets together on Sunday.

The girl's testimony about being taken to the hotel by Burton and occupying a room with him and having intercourse with him is not contradicted. In some respects it is corroborated. Only her testimony about remaining there constantly and not being able to leave during the entire time is disputed. Since force is not an element of the crime of statutory rape her story is contradicted as to a collateral matter only. Her relation of the facts necessary to prove the crime are convincing and free from doubt. She convinced the jury.

A number of cases have held that in statutory rape particularly a prima facie case can be made on the uncorroborated testimony of the prosecutrix. State v. Thomas, 351 Mo. 804, 174 S. W. (2d) 337. And in rape cases generally the rule is that corroboration is not essential to prove the act of sexual intercourse unless the testimony of the prosecutrix is contradictory and in conflict with physical facts, surrounding circumstances, and common experience so as to be so unconvincing and improbable that it is extremely doubtful. State v. King, 342 Mo. 975, 119 S. W. (2d) 277; State v. Roddy (Mo.), 171 S. W. (2d) 713; State v. Burton, 355 Mo. 467, 196 S. W. (2d) 621.

Burton complains about the refusal of his "if false in one, false in all" instruction, although the court gave an instruction on the credibility of witnesses which contained no such clause. Discussing such an instruction as the one refused, this court in State v. Caviness, 326 Mo. 992, 33 S. W. (2d) 940 held the trial court had discretion whether to give or refuse it and quoted with approval: "But, though it may not be error to give an instruction of this character in a particular case, it does not follow that it would be reversible error to refuse such an instruction. The trend of judicial authority in this state is to the effect that the propriety of giving an instruction of this character is a matter resting to a very great extent in the sound discretion of the trial court, and that the action of the trial court in the matter will not be disturbed unless there is a manifest abuse of such discretion to the prejudice of the appellant." And see the extended discussion in State v. Willard, 346 Mo. 773, 142 S. W. (2d) 1046. In the instant case we hold the trial court did not abuse its discretion in refusing the instruction.

■ Testimony of the girl's father and mother that when she returned her eyes were swollen, she appeared dazed and had fever was properly admitted. "Evidence of the physical and mental condition and demeanor of the prosecutrix after the alleged offense is admissible." 52 C. J. Rape, sec. 97. State v. Stackhouse, 242 Mo. 444, 146 S. W. 1151; State v. Sanford, 124 Mo. 484, 27 S. W. 1099.

■ The jury retired to consider their verdict shortly after four o'clock in the afternoon. When they were brought back to the court room an hour later to prepare to go to dinner they had already agreed on Burton's guilt, but not on the degree of punishment. After their dinner they resumed deliberations until 10:05 P. M. when they were brought back to the court room. They announced they were still in disagreement about the punishment. Then on their own accord they returned to the court room about 10:30 P. M., advised the court of their continued disagreement about the punishment, and requested further instruction. The court gave them the instruction which follows together with 'a third form of verdict by which the jury could return a verdict of guilty without assessing the punishment.

Instruction 9: "Gentlemen of the jury you have informed the court that you have been able to agree upon the guilt of the defendant Albert Burton but that you have been unable to agree upon his punishment. You have deliberated in this cause for a period of about five hours and eight minutes and your number still stands the same.

"You are instructed by the court that under the laws of this State the jury, after hearing the evidence and the instructions of the Court may retire and shall decide upon the guilt or innocence of the defendant and if the defendant is found guilty assess his punishment in accordance with the instructions of the court. That under the law devolves upon you under your oaths as jurors. If however, after due deliberation, you have been able to agree upon the guilt of the defendant but are unable to agree upon the punishment to be fixed in this cause, you may return into this court a verdict which so states and in that event the court may assess the punishment.

"The court herein does not assume to tell the jury what verdict to return because you are the sole judges of the facts in this cause. It is the duty of the court to guide you however in matters of law and there has been prepared for you a third form of verdict. You shall return to your jury room for further deliberation.

"The court admonishes you that as jurors in this cause you are permitted to return any of the three verdicts prepared, namely, "Not guilty", "Guilty and assess the punishment" and "Guilty and unable to agree upon the punishment", if all twelve of you can agree, or if all twelve cannot agree upon any verdict you may so inform the court. If all twelve of you have agreed however, only the foreman need sign the verdict which you have agreed upon"

Shortly thereafter the jury returned a verdict finding Burton guilty and stating they were unable to agree on the punishment. Sec. 4093 R. S. 1939, Mo. R. S. A., contemplates such action. It provides: "Where the jury agree upon a verdict of guilty but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict; the court shall assess and declare the punishment and render judgment accordingly." Burton argues the trial court, by giving instruction 9, invited the jury to disregard their duty in assessing the punishment. We do not find this to be so. The jury first advised ▇ the court of their inability to agree on the punishment. Thereupon, the court advised the jury through instruction 9 of their power to bring in a verdict without assessing the punishment as contemplated by the statute. Giving the instruction was proper. State v. Levan, 306 Mo. 507, 267 S. W. 935. This practice has long been followed and its propriety soundly settled. State v. Jackson, 340 Mo. 748, 102 S. W. (2d) 612.

While the trial judge must give a jury ample time in which to try to resolve their differences about the degree of punishment and not be too hasty in assuming that burden, yet the length of time for such deliberation is a matter entirely within the discretion of the judge. No exact standard can be laid down, or should be. The period of time will differ as panels differ and no jury is ever exactly like another. In this case, as shown by the instruction, the judge exercised particular caution in attempting to bring the jury into agreement as to the punishment and only after the jury indicated no agreement could be reached did the court give it the instruction in question. The judge exercised his discretion properly and soundly. State v. Hampton (Mo.), 172 S. W. (2d) 21; State v. Adams, 323 Mo. 179, 19 S. W. (2d) 671; State v. Howard, 324 Mo. 145, 23 S. W. (2d) 11; State v. McVey (Mo.), 66 S. W. (2d) 857; State v. Levan, supra.

▇ In announcing the sentence the judge stated: "I know of no law that precludes the court from taking into consideration the reputation and the previous record of the defendant in passing sentence. Let the record show, Mr. Clerk, that the defendant Albert Burton is sentenced to twenty-five years in the Missouri State Penitentiary where he will be taken by the sheriff." Evidently the judge did consider appellant's reputation and previous record in arriving at the length of the sentence, and in doing so went outside the record as it is bare of these two matters. Did the judge thus abuse his discretion? We think not.

The general rule followed in a number of jurisdictions states that "the discretion of the trial court in fixing the sentence, punishment, or costs within the limits prescribed by law will not be reviewed or revised, except, according to numerous decisions, for abuse." 24 C. J. S. Criminal Laws, sec. 1878. Such abuse would generally be

shown by some evidence that the judge was influenced by motives of partiality, prejudice or oppression or induced by corruption. In this case there is no such charge and there is no such evidence whatever of any abuse.

Our consideration is limited to the narrow question whether the judge has the right in fixing the punishment to consider the previous record and reputation of the accused when these matters were not an issue in the trial of the case nor disclosed by the record. When the purpose of punishment is studied there can be no doubt but that the judge has this right. If he is to act conscientiously it is even his duty to give weight to the character and past conduct of the accused. No longer is it the only requirement that "the punishment fit the crime." Punishment now looks to the reformation of the wayward and the protection of society. "For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender. His past may be taken to indicate his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him." Commonwealth of Pennsylvania ex rel. v. Ashe, 302 U. S. 51. See also Crono v. U. S., 59 F. (2d) 339. In a seduction case the past record and general bad character of the defendant were held proper matters for consideration in fixing punishment in State v. Wilson, 121 N. C. 650, 28 S. E. 416. To the same effect see State v. Beavers, 188 N. C. 595, 125 S. E. 258.

Circumstances not disclosed by the record may justify a severe sentence and an appellate court will not disturb it. Blockburger v. U. S., 50 F. (2d) 795 affirmed 284 U. S. 299. "The exercise of the courts discretion within the limits prescribed is not illegal because influenced by information obtained outside the trial." 24 C. J. S., Criminal Law, sec. 1983.

This court has followed such principle. In State v. Fannin (Mo.), 296 S. W. 84 we said: "The trial judge presumably was in a position to know whether the case at bar was one which called for the imposition of the maximum punishment. He may have been advised outside of the record of circumstances, such as previous violations of the law or other criminal acts of the appellant, if he had ever committed any, which justified the imposition of a heavy punishment in this case." It seems clear in determining the degree of punishment the judge is authorized to consider facts and circumstances outside the record and especially the past record, character, and reputation of the accused.

The conclusions of the various jurors as to the length of the sentence is not a matter required to be considered by the judge in exercising his judgment in determining the punishment. Where members of

a jury have been unable to agree upon the punishment the judge has in some instances ascertained for his information their individual views as to the proper punishment. But any recommendation of a jury, unless authorized by statute, is treated as mere surplusage.

The sentence is claimed to be excessive because it is more severe than sentences in similar cases. Under the statute, Section 4393 R. S. 1939 Mo. R.S.A., the punishment for statutory rape ranges from death to two years imprisonment. This court has ruled that when the punishment assessed is within the range prescribed by statute, it cannot be adjudged to be excessive by an appellate court. State v. Alexander, 315 Mo. 199, 285 S. W. 984; State v. Copeland, 335 Mo. 140, 71 S. W. (2d) 746; State v. Rizor (Mo.), 182 S. W. 525.

The judgment is affirmed. All concur.