Loren Linn **BLEDSOE**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54641.

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

J. Arnot Hill. The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH R. LEWIS, Special Judge.

Appellant was convicted by a jury of the crime of murder in the second degree for the July, 1957, slaying of his mother-in-law. The court sentenced appellant to life imprisonment. The conviction was appealed of this court here it was affirmed. See State v. Bledsoe, 325 S.W.2d 762. On October 11, 1968, appellant filed a motion under Supreme Court Rule 27.26, V.A.M.R., to vacate the sentence. An evidentiary hearing was held on March 5, 1969. This appeal is from the order overruling the motion.

The appellant's motion states two grounds for vacating his sentence. First, appellant contends that he was mentally incompetent to assist in his own defense at the time of trial. Second, appellant claims that his wife committed perjury when she testified at his trial. At the hearing on the motion the appellant asserted in his testimony as a third ground, without objection by the State, the alleged fact that he had signed an involuntary confession.

After the evidentiary hearing on appellant's motion the trial court found that movant was competent to assist in his own defense and was not suffering from any mental disease or defect at the time of trial; that the question of movant's wife committing perjury in her testimony did not constitute a deprivation of any constitutional protection and that her credibility was for the jury; and that movant had made a knowing and voluntary statement admitting the shooting of the victim.

Supreme Court Rule 27.26(f) provides that the prisoner "has the burden of establishing his grounds for relief by a preponderance of the evidence." Subsection (j) of that rule limits our review "to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." See Crosswhite v. State, Mo., 426 S.W.2d 67.

Some background is necessary to properly understand movant's first contention.

Appellant's mother-in-law and father-in-law were shot to death on July 22, 1957, in their apartment in Kansas City, Missouri. Appellant testified at the original trial that while he was struggling with his father-in-law over a rifle, his mother-in-law had struck him several times on the back of the head with a brick. He now contends that the injuries received from these blows on the head rendered him incompetent to assist in his own defense at the time of the trial.

■ Appellant was represented in the original proceedings by able counsel with years of experience in the trial of criminal cases. Prior to trial counsel requested a psychiatric examination of appellant to determine his fitness to proceed and the court ordered such an examination. The psychiatrist who examined appellant testified at a separate hearing that appellant was mentally competent and capable of assisting in his defense. The matter of incompetency was not further pursued in the trial court and it was not an issue presented in the original appeal. Any complaint by appellant concerning the procedure whereby he was determined to be competent to stand trial would involve a question of trial error. Such errors may not be considered in proceedings under Rule 27.26. Supreme Court Rule 27.26, V.A.M.R.; State v. Macon, Mo., 403 S.W. 2d 630.

■ The appellant's second ground concerning his wife's alleged acts of perjury apparently stem from appellant's belief that his wife had been consorting with another man just prior to his trial and that they had conspired to commit perjury to secure appellant's conviction of murder. Movant's wife testified at the murder trial for the State on rebuttal under an unusual set of circumstances which were fully discussed by this court at the time of the original appeal. See State v. Bledsoe, 325 S. W.2d 762. Without summarizing even briefly appellant's testimony, suffice it to say that the record clearly indicates that appellant was more interested in using the court as a forum to air his grievances about his former wife's alleged immoral conduct than in presenting relevant evidence in support of his motion. We hold that the credibility of appellant's wife was a fact question for the jury and cannot be considered in a proceeding under Supreme Court Rule 27.26. See State v. Howard, Mo., 383 S.W.2d 701, 704.

■ The final point concerning the alleged involuntary confession was not set out in appellant's motion to vacate sentence, but was mentioned for the first time during appellant's testimony. Since the State did not object to this testimony, we will consider the point as if it were properly presented in the motion to vacate. Briefly stated, appellant claims that about forty days prior to the crime in question he had been beaten by officers of the Kansas City Police Department. Appellant testified that after his arrest on the murder charge, he was interrogated by the police and signed a confession. He claims that one of the officers involved in the alleged beating was present in the room when he made his confession. While appellant admitted that no brutality occurred at the time of the confession, he contends that the mere presence of the officer allegedly involved in the beating coerced him into giving the statement. Appellant suggests that the cause be reversed and remanded for a hearing to determine whether or not the confession was voluntary.

We cannot sustain appellant's last assertion. The confession referred to was excluded by the trial court and no reference was made to it at the time of the murder trial. Appellant entered a plea of not guilty and the case was tried before a jury. The conviction was based on independent evidence, including testimony of eyewitnesses. Since the confession played absolutely no part in the conviction, we see nothing to be gained by following appellant's request to remand for the purpose of determining the voluntariness of the confession.

The trial court's findings are not clearly erroneous in respect to any of appellant's grounds.

Judgment affirmed.

HOLMAN, J., and HENLEY, Alternate Judge, concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.

SEILER, P. J., not sitting.