Rodney Glen GARRETT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56596.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

Frank A. Anzalone, William J. Shaw, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

FRANK CONLEY, Special Judge.

Rodney Glen Garrett has appealed from the order of the Circuit Court of St. Louis County overruling his motion pursuant to Rule 27.26, V.A.M.R. We affirm.

Appellant was found guilty by a jury of first degree robbery, committed with a dangerous and deadly weapon. Following the conviction and a finding by the court of a prior felony, appellant was sentenced to the Department of Corrections for a term of ninety-nine years. This court affirmed. State v. Garrett, Mo., 391 S.W.2d 235.

By appellant's amended motion in the trial court he asserted that he is entitled to relief pursuant to Rule 27.26 because: (1) he was denied a fair and full evidentiary hearing on previous motions filed under Rule 27.26; (2) that there was a substantial issue raised requiring an evidentiary hearing, going to the question of whether or not the alleged admissions, statements, and incriminating evidence were admissible; (3) that the trial court failed to properly determine the defendant's competency to stand trial in failing to hold a proper sanity hearing in determination of whether or not defendant was competent to assist in his own defense; and (4) that the sentence of ninety-nine years imposed by the court was so far in excess of the pre-trial offer of a recommendation of thirty-five years on a plea of guilty as to constitute punishment of defendant for exercising his right to trial by a jury. At the time of evidentiary hearing in the trial court the appellant, at least tacitly, abandoned points one and two and did not preserve same on this appeal.

The appeal having been lodged in this court prior to January 1, 1972, the effective date of new Article V of the Constitution, V.A.M.S., we have jurisdiction pursuant to then Article V, § 3 of the Constitution of Missouri, as an appeal from final judgment under Rule 27.26, being a civil case which the State of Missouri, as such, is a party.

Appellant contends that the trial court failed to follow the procedures specified in § 552.030(4), Laws of 1963, V.A.M.S., in that the court neglected to appoint a psychiatrist to examine him after he had entered a plea of "not guilty by reason of mental disease or defect." This complaint by appellant involves a question of trial error which was neither preserved in the motion for new trial or in the direct appeal of this matter. Such errors are not considered in proceedings under Supreme Court Rule 27.26, V.A.M.R. Bledsoe v. State, Mo., 456 S.W.2d 4. Appellant's contention fails for an additional reason. The Mental Responsibility Law, as it has become known, in force at that time was § 552.030(4), Laws of 1963, which provided in part as follows:

"Whenever the defendant has pleaded mental disease or defect excluding responsibility or has given the written notice provided in subsection 2, and such defense has not been accepted as therein provided, the court shall, after notice and *upon motion of either the state or the defendant,* appoint one or more physicians to examine and report upon the mental condition of the defendant. * * *" (Emphasis ours.)

Appellant contends that there was a duty under this provision to appoint a psychiatrist after the plea of not guilty by reason of mental disease or defect, but there is no showing from the evidentiary hearing held

that any motion was tendered by either appellant or the State at the time of the plea of not guilty by reason of mental disease or defect, or at any time thereafter. This statute clearly contemplates some affirmative action by way of motion presented to the trial judge by either party seeking such examination, and here the record is silent as to same. There has been no showing that the trial judge should have of his own volition made the appointment, it appearing that a previous psychiatric examination had proven negative having dealt in part with the defendant's responsibility for the commission of the offense. The trial court properly, in the original case, submitted the question of mental responsibility to the jury and there was adduced psychiatric testimony in that connection based upon the original examination made prior to the plea of not guilty by reason of mental disease.

■ We turn then to the final point raised by appellant; that the sentence of ninety-nine years imposed by the trial judge after conviction was far in excess of a pre-trial offer by the prosecuting attorney of thirty-five years. No evidence was offered at the evidentiary hearing held before the trial judge in this matter to support this allegation. Appellant seeks now to belatedly make such an offer of proof in this connection. He has, however, failed to " 'establish grounds for relief by preponderance of evidence.' Rule 27.26(f)" V.A.M.R. Under Rules 82.12(b) and 82.14(a), V.A.M.R., the transcript on appeal must contain all of the evidence necessary to the determination by the appellate court. Where such items are absent, there is nothing for the appellate court to decide and the appellate court will not convict a trial court of error upon an issue which failed for evidentiary support. Ward v. State, Mo., 451 S.W.2d 79; Edwards v. Hrebec, Mo.App., 414 S.W.2d 361. Even if appellant's factual allegations are correct, a sentence of ninety-nine years for robbery in the first degree is not excessive punishment, being within the limits pre-

scribed in § 560.135, RSMo 1969. State v. Grimm, Mo., 461 S.W.2d 746; State v. Brownridge, Mo., 459 S.W.2d 317; State v. Burton, 355 Mo. 792, 198 S.W.2d 19.

The judgment is affirmed.

HENLEY, Acting P. J., and DONNELLY, J., concur.

MORGAN, P. J., not sitting.