John Phillip WILLIAMS,
Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 39868.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 1979.

John J. Allen, St. Louis, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., James R. Hartenbach, Clayton, for defendant-respondent.

CRIST, Judge.

Rule 27.26 proceeding to set aside judgment and sentence entered on a plea of guilty to Second Degree Burglary and Stealing.

Movant alleges error in his having to make a choice between a two-year sentence without probation or fifteen years with execution of the sentence suspended pending successful completion of a five year probation. Movant made the wrong choice of the longer sentence.

He had the misfortune of being convicted of burglary while on probation. He was then ordered to serve the fifteen years. He says he was denied due process in that the fifteen year sentence (ten years plus five years) showed vindictiveness on the part of the state and court against the defendant for exercising his constitutional right to pursue his liberty through probation. But not so. Movant was to blame, and not the sentence.

The granting of probation is within the discretion of the trial court. *Smith v. State,* 517 S.W.2d 148 (Mo.1974). Cf. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Movant had a history of violent behavior and was addicted

to drugs. The trial court was reluctant to grant probation and encouraged movant to take two years without probation. Movant insisted upon his choice of fifteen years with probation. The trial court exercised its discretion in imposing a larger sentence with probation with the stated purpose being to protect society from further criminal acts by movant. Movant fully understood his choice. We find no abuse of discretion by the trial court. See *State v. Burton*, 355 Mo. 792, 198 S.W.2d 19, 22 (1946) and *Hill v. State*, 543 S.W.2d 809 (Mo.App.1976).

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.