THE STATE v. A. W. GEORGE, Appellant.

Division Two, November 24, 1908.

1. **INSTRUCTIONS: Reviewable.**  Only such instructions as were complained of in the motion for a new trial can be considered on appeal.

2. **CARNAL KNOWLEDGE: Instruction.**  An instruction which tells the jury that "if they believe the defendant had sexual intercourse with the prosecutrix at a time when she was under fourteen years of age and at any time before the filing of the information in this case, then it is immaterial whether she consented to the act or not, and it is immaterial as to whether it occurred on the day stated in the indictment or on some other day," is correct, and in harmony with the statute, which makes carnal knowledge of any female under fourteen years of age, with or without her consent, a felony, and denominates the offense to be rape.    Force is no element of the offense.

3. **LEADING QUESTIONS.**  The asking of leading questions, by the prosecuting attorney, of the prosecutrix in a carnal knowledge case, is largely within the discretion of the trial court, and not reversible error.

4. **CARNAL KNOWLEDGE: Testifying to Degrading Facts.**  The trial court properly declined to comply with defendant's request to inform the prosecutrix in a carnal knowledge or rape case that she need not testify to any fact that would degrade her.

5. **INSTRUCTIONS: All Questions.**  If defendant did not preserve an exception to the failure of the trial court to instruct the jury on all necessary questions of law arising in the trial, he cannot on appeal urge such failure as a ground for a reversal.

Appeal from Camden Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   Defendant made objection to some of the evidence for the State, but his objections were overruled.   (a)   Defendant objected to the examination of the prosecuting witness, because some of the questions asked were leading.   But all the authorities hold that the asking of such questions is a matter within the discretion of the trial court.   State v. Bateman, 198 Mo. 222; State v. Woodward, 191 Mo. 632; State v. Whalen, 148 Mo. 290.   (b)   Defendant objected to prosecutrix testifying to the fact that she had sexual intercourse with defendant, because it was degrading to her; and he asked the court to instruct the witness that she need not testify to anything that would degrade her.   This the court declined to do, and defendant saved his exceptions.   This court has often held that a witness may be asked a question and compelled to answer the same, even though it tends to degrade him.   State v. Long, 100 S. W. 590; 2 Wigmore on Evid., sec. 981; Stephens' Digest of Evid., 123.   (2)   In his motion for a new trial, defendant alleged that only instructions three and four were erroneous; the remaining instructions are, therefore, not before this court for consideration.   Instruction 3 was more favorable to the defendant than to the State; but it stated the law, with special reference to the age of prosecutrix.   Instruction 4 told the jury that if prosecutrix was under fourteen years of age, and that defendant had sexual intercourse with her at some time within three years prior to the filing of the information, then it was immaterial whether or not she consented, and also immaterial as to the exact day on which the criminal act act occurred.   R. S. 1899, secs. 1837, 2418 and 2419.   (3)   Defendant also complains,

in his motion for a new trial, that the court erred in not instructing the jury on all necessary questions of law arising in the trial. But he failed to save his exceptions at the time of said alleged failure. State v. Urspruch, 191 Mo. 50; State v. Finley, 193 Mo. 211. (4) There was sufficient evidence to justify a conviction of defendant. Prosecutrix testified, in unequivocal terms, that she had sexual intercourse with defendant on the 16th day of November, 1904, the day that her father and mother went to Linn Creek to attend a stove drawing. Defendant's conversations with the witnesses, Jeffries and Smith, were strongly corroborative of the testimony of prosecutrix; in fact, said conversations were conclusive. If the defendant was innocent, he certainly never. would have talked. that way to said witnesses, especially as he was the uncle of this little girl. The age of prosecutrix at the time of the commission of this crime was also testified to by her father, by her mother, and by Mrs. McDowell, the lady at whose house prosecutrix was born and who was present at the time of said birth. True, defendant denied the criminal act, and introduced some evidence to contradict that given by the State's witnesses, and also offered some impeaching evidence. But the weight of the evidence and the credibility of the witnesses, as well as their motives, were matters exclusively for the jury to pass on. State v. Dilts, 191 Mo. 665; State v. Miller, 191 Mo. 587; State v. Dusenberry, 112 Mo. 293; State v. Marcks, 140 Mo. 656.

FOX, P. J.—This is an appeal on the part of the defendant from a judgment of the circuit court of Camden county, convicting the defendant of the offense of rape.

On the 14th of January, 1905, the prosecuting attorney of Camden county filed an information, duly verified, charging the defendant with rape. The date

of the alleged offense was November 16, 1904, and Ida Florence George, a female child under the age of four- teen years, is alleged to have been the victim of the defendant's assault and ravishment.   At the February term, 1906, the defendant was put upon his trial.   The evidence upon the part of the State tended to show that the prosecutrix resided with her parents, Mr. and Mrs. Mat. George, on their farm some eight miles from Linn Creek in Camden county.   On the day of the commis- sion of the alleged crime the prosecuting witness was about thirteen years and ten months old.   On that day the father and mother of prosecutrix went to the town of Linn Creek early in the morning, leaving pros- ecutrix and her younger sister, Pearl, at home.   The parents did not return until about sundown.   The de- fendant, who is the uncle of prosecutrix, came to the house and sent Pearl to the spring to get some water. Pearl was a small girl, and was not very bright.   Dur- ing her absence defendant took prosecutrix to the bed and had sexual intercourse with her.   This was the second time defendant had sexual  intercourse with prosecutrix, but she made no complaint of the former act.   On the 28th of January following this last act, the prosecuting witness told her father and mother and older brother, and the defendant was arrested. Before the arrest of the defendant he had conversa- tions with one Robert Jeffries and Arthur Smith in which the defendant clearly indicated that he was hav- ing sexual intercourse with one of Mat. George's girls. The defendant took the witness stand in his own be- half, and denied ever having sexual intercourse with prosecutrix.   He also denied the conversations with State's witnesses Jeffries and Smith.   There were other witnesses introduced by the defendant who tes- tified that the father of prosecutrix tried to get the defendant to pay some money to drop the case against him, also tried to get defendant to lease the farm and

leave the father of prosecutrix to cultivate the same. Some of these witnesses, however, admitted that they were not on friendly terms with the father of the prosecuting witness. There was other testimony introduced by the defendant which tended to show that the prosecuting witness was more than fourteen years old at the time of the commission of the crime charged, and that her reputation was not good.

In rebuttal, the State proved by a lady witness, who was present at the birth of prosecutrix, that the prosecuting witness was born January 25, 1891. The father of prosecutrix testified and he contradicted the statements made by witness for the defendant that he was trying to get defendant's relatives to pay him to drop the prosecution, and this witness claimed that such relatives sought him and tried to get him to accept money for that purpose.

This is a sufficient indication of the facts developed upon which this case was submitted to the jury and to enable us to determine the legal propositions involved in this cause. At the conclusion of the evidence the court instructed the jury and the cause was submitted to them. The instructions upon which appellant predicates assignments of error will be given attention during the course of the opinion. The jury returned a verdict finding the defendant guilty as charged in the information and assessed his punishment at imprisonment in the penitentiary for a term of five years. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Judgment and sentence was entered of record in conformity to the verdict returned and from this judgment the defendant prosecuted this appeal and the record is now before us for consideration.

## OPINION.

The record before us discloses numerous complaints of error on the part of the trial court which are embraced in the motion for new trial.

## I.

The complaint of the appellant as to the instructions given to the jury is limited to two, numbers three and four. These are the only declarations of law to which the attention of the trial court was directed in the motion for new trial, hence they are the only declarations which are before us for review. Instructions three and four complained of were as follows:

"3. Although you may believe that the defendant had sexual intercourse with Ida Florence George, yet unless you shall further believe that at the time he did so she was under fourteen years of age, the defendant should be acquitted.

"4. If you believe that the defendant had sexual intercourse with Ida Florence George at a time when she was under fourteen years of age and at any time before the filing of the information in this case, then it is immaterial whether she consented to the act or not, and it is also immaterial as to whether it occurred on the 16th day of November, 1904, or on some other day."

Upon this proposition it is sufficient to say that we have carefully considered the two instructions complained of, and we are unwilling to say that they furnish any substantial basis for the complaint of the appellant. Instruction number 3 was one in favor of the defendant, and specially directed the jury that it was essential in order to find the defendant guilty to find that the prosecuting witness at the time of the alleged commission of the offense was under fourteen years of age. It certainly will not be seriously contended that this furnishes any substantial ground of

complaint which would authorize the reversal of this judgment.

## II.

Instruction number 4 upon which the appellant predicates another complaint, simply told the jury that if the defendant had sexual intercourse with the prosecuting witness at a time when she was under fourteen years of age, and at any time before the filing of the information in this case, then it was immaterial whether she consented to the act or not, and further told the jury that it was immaterial as to whether it occurred on the 16th day of November, 1904, or some other day. In our opinion this instruction does not constitute any error. Section 1837, Revised Statutes 1899, in treating of the offense with which the defendant is charged, provides: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of fourteen years, or by forcibly ravishing any woman of the age of fourteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury."

It will be observed that this section clearly points out the distinction between victims of the offense of rape. The first subdivision makes the offense complete by simple carnal and unlawful knowledge of any female child under the age of fourteen years. The second subdivision makes it essential as to any woman of the age of fourteen years or upward, that the acts constituting the offense of rape shall be accomplished by force. It is clear that under the first subdivision where the female is under the age of fourteen years it is not essential in order to constitute the offense of rape under that subdivision to show that it was committed with force or without the consent of the female. This court, in State v. Wray, 109 Mo. 594, after quot-

ing section 3480, Revised Statutes 1889, which is the same as section 1837 herein quoted, expressly ruled that "carnal knowledge of a female child under fourteen years of age is rape under this statute, whether accomplished with or without force, or with or without the consent of the child." We repeat that instruction number 4 was in perfect harmony with the provisions of the statute as well as the rulings of this court in treating of such statute.

### III.

During the progress of the trial the record discloses numerous objections to the admission of testimony by the State, as well as exceptions to the rulings of the court in the rejection of testimony offered by the defendant. The appellant is not represented by counsel in this court, hence we are not favored with any brief or even suggestions concerning the complaints in the admission and exclusion of evidence during the progress of the trial. We have, however, in obedience to the provisions of the statute, carefully examined the disclosures of the record with the view of ascertaining whether or not there was any merit in the complaints made by appellant respecting the admission and exclusion of evidence. The record discloses that there were objections interposed to the examination of the prosecuting witness for the reason that some of the questions propounded to her were leading. It is true that some of the inquiries of the prosecuting witness were leading, but it is well settled by all the authorities upon this subject that the asking of leading questions is largely a matter within the discretion of the trial court. [State v. Bateman, 198 Mo. l. c. 222; State v. Woodward, 191 Mo. l. c. 632; State v. Whalen, 148 Mo. l. c. 290.]

The defendant also urged the objection to the prosecuting witness testifying to the fact that she had

sexual intercourse with the defendant on the ground that it was degrading to her, and appellant, by his counsel, requested the court to instruct the witness that she need not testify to anything that would degrade her. This the court declined to do, and the defendant properly preserved his exceptions to the action of the court. In our opinion there was no error in the action of the court in overruling the objection of the defendant and denying the request to instruct the witness that she need not testify to anything that would degrade her. The court very properly overruled the objection of the defendant and this ruling is well supported by authorities treating of this proposition. To hold otherwise would place an absolute bar to convictions in many of the most outrageous cases of this character. It is perfectly clear if the prosecuting witness is denied the right to testify to the acts committed in the accomplishment of this offense, or may at her own will decline to testify, it would be absolutely impossible to secure a conviction in many of the cases of this nature.

The record discloses many other objections to the admission and exclusion of evidence during the progress of the trial. We have directed our attention to such objections and it is sufficient to say that in our opinion there was no substantial error in the action of the court touching the admission or exclusion of evidence.

## IV.

It is next contended by the appellant in his motion for new trial that the court committed error in not instructing the jury on all necessary questions of law arising in the trial. It is sufficient to say upon this proposition that the record discloses that the defendant failed to preserve his exceptions at the time it is alleged that the court made this failure; hence,

that question is not before us for review.    [State v. Urspruch, 191 Mo. l. c. 50; State v. Finley, 193 Mo. l. c. 211.]

## V.

This brings us to the last proposition, that is, whether or not the evidence developed at the trial was sufficient to support the verdict of the jury.    We have carefully read in detail all the testimony introduced in this cause, and while it may be said that there is a direct conflict between the testimony of the prosecuting witness and the defendant, as well as the other witnesses testifying in this cause, there is testimony on the part of the defendant which has a tendency to lessen the weight to be attached to the testimony of the prosecutrix, but on the other hand there is testimony on the part of the State which tends to corroborate the truthfulness of her statements.    This conflict of testimony must finally be determined by the jury. It is exclusively their province, the witnesses being before them, to determine their credibility and the weight to be attached to their testimony.    This court has uniformly held in a long line of decisions  that where there is substantial evidence to support the verdict the appellate court should not undertake to retry the case upon the evidence as disclosed by the record. [State v. Dilts, 191 Mo. 665; State v. Miller, 191 Mo. 587; State v. Dusenberry, 112 Mo. 293; State v. Marcks, 140 Mo. 656; and many other cases.]

The testimony in this case as is embraced in the record before us furnishes ample evidence to support the conclusion reached by the jury, and we are unwilling to disturb that conclusion.    The judgment of the trial court should be affirmed, and it is so ordered.

All concur.