[1] Judgment and sentence of ten years for statutory rape upon a girl ten years of age. Defendant has appealed.
[2] Defendant has not filed a brief and the only question definitely raised in his motion for new trial is the sufficiency of the evidence to support the verdict. We have examined the record proper, as required by Section 4150, R.S. 1939, Mo.R.S.A., and find no error therein.
[3] Prosecutrix, with her mother and two younger sisters, roomed in a house rented by defendant. She testified that during the week of January 20, 1947, while her mother was away from home working in a restaurant, defendant forced her to lie down across a bed and had sexual intercourse with her. She said there was penetration and a discharge and she was sore the next day. She said she did not go to defendant's room voluntarily, but was pulled in, and her clothing partially removed. The mother of the prosecutrix said that when she came in late at night she found her sweating and acting like she was scared. She bathed her and found some kind of a discharge on her legs. Prosecutrix told her that defendant had had intercourse with her. She asked defendant about it, in his room, and he said he didn't do it and didn't know anything about it. Dr. Frank Lovings, attached to the staff of the Homer G. Phillips Hospital, testified that he examined prosecutrix on January 26, 1947. He found a heavy, green vaginal discharge, laceration of the hymen, and tenderness in the abdomen. He said that the girl had been entered; and that her discharge was from a pelvic inflammatory disease, which could have been caused by forceable entrance. Defendant denied that he ever had intercourse with prosecutrix and said that she was angry with him because he had told her mother about her staying out late on nights when her mother was working.
[4] Defendant's contention, as stated in his motion for new trial, is that prosecutrix told conflicting stories about what happened to her (her evidence was conflicting as to what day of the week it happened but not as to what occurred); that there were inconsistencies in her testimony as to whether she had any trouble with defendant about telling her mother she stayed out late at night and as to why her mother bathed her at the time she said she did; and that "evidence as indefinite and uncertain as said evidence, should have and would have created a doubt in the minds of the jury, but said jury refused to consider said evidence in favor of the defendant." Much of this contention goes to the weight of the evidence rather than its sufficiency.
[5] We must hold that the State made a case for the jury. We have held that corroboration is not essential to prove the act of sexual intercourse, "at least unless the testimony of the prosecutrix is contradictory and in conflict with physical facts, the surrounding circumstances and ordinary experience." State v. King, 342 Mo. 975, 119 S.W.2d 277, 281. There is nothing in this record from which we can hold that the testimony of the prosecutrix was contrary to physical facts or human experience. Moreover, there was corroboration herein in the testimony of her mother and of Dr. Lovings concerning the condition of her genital organs. State v. King, supra and cases cited, 119 S.W.2d, *Page 496 
loc. cit. 282. Of course, as also stated in the King case "it makes no difference whether force was used or not, since carnal knowledge of a female child under the age of 16 years is rape." Section 4393, R.S. 1939, Mo.R.S.A. Therefore, defendant's contention cannot be sustained.
[6] Defendant attempts to make an allegation of error in his motion concerning his cross-examination "about where he had been with reference to his sister's house", evidently referring to cross-examination about where he was and what he did on January 20th. The State's evidence showed that he had told the police he was at his sister's house at the time the offense was alleged to have been committed. He reaffirmed this on the cross-examination. Apparently, defendant's contention is that the State was improperly permitted to go into matters on cross-examination which were beyond the scope of his direct examination. See Section 4081, R.S. 1939, Mo.R.S.A. However, no such objection was made with reference to this particular matter set out in his motion. A general objection was made to part of the cross-examination as to where defendant went after he quit work on January 20th, but the Court ruled this was competent for the purpose of affecting his credibility. No further objection was made and his whereabouts on that occasion were within the legitimate range of cross-examination. See State v. Drew, Mo.Sup., 213 S.W. 106; State v. Scott, 332 Mo. 255, 58 S.W.2d 275, 90 A.L.R. 860; State v. Davit, 343 Mo. 1151, 125 S.W.2d 47. Therefore there is no merit in this claim of error.
[7] The judgment is affirmed.
[8] All concur.