STATE of Missouri, Respondent,

v.

Chester PALMER, Appellant.

No. 45717.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1957.

Motion for Rehearing or to Transfer to
Court en Banc Denied Nov. 12, 1957.

Raymond H. Vogel, Cape Girardeau, for appellant.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant was convicted of rape by carnal and unlawful knowledge of a female child under the age of sixteen years. Section 559.260 RSMo 1949, V.A.M.S. His punishment was assessed by the jury at six years in the state penitentiary. Herein upon appeal from the ensuing judgment defendant-appellant makes the primary contention that the evidence was insufficient to justify the submission of the State's case to the jury. It is said the testimony of the prosecutrix was conflicting and uncorroborated—especially her testimony relating to essential fact of penetration. It is further contended that the trial court abused its discretion in permitting leading questions, and that the answers of prosecutrix were under compulsion. Defendant-appellant also contends error in instructing the jury, and complains of an incident which occurred while the jury was engaged in its deliberations.

There was evidence introduced tending to show that in 1955 prosecutrix, born September 2, 1943, resided with her parents a block or so from the home of defendant in Fornfelt. Defendant lived apart from his wife, but had in his home his small son, Ivan; four years old. When working away from home defendant occasionally employed prosecutrix to stay with Ivan.

One afternoon in the summer of 1955 defendant had returned from work. Prosecutrix, who had stayed with Ivan that day, had prepared defendant's supper and, after he had eaten, defendant asked prosecutrix to wash the dishes. Prosecutrix put water on the stove to heat, and then sat with defendant on a bed in the front room. Prosecutrix testified that defendant importuned her to have sexual intercourse with him and, when she refused, defendant said, "I was going to anyway." Defendant pushed prosecutrix down on the bed and pulled off her undergarment. He "unzipped" his pants, "took his privacy out," and got on top of prosecutrix.

Prosecutrix was hesitant in testifying of the subsequent events. She seemed to be timid or in fear. She asked if she had to testify in the presence of the defendant. When she failed to promptly answer questions, the trial court permitted State's counsel to ask leading questions, and upon her continued hesitation in answering, the trial judge spoke of finding her in contempt and concluded by saying, "It is your duty to answer the questions, if you know the answers." Presently the interrogation of prosecutrix was continued and the following questions were asked of prosecutrix and the following answers given,

"Q. Do you remember the question? A. No, sir.

"Q. I am going to ask you once more. When you were hollering did his privacy enter your privacy? A. Yes, sir.

"Q. Speak a little louder? A. Yes, sir.

"Q. What happened after that? A. Well, I kept hollering and slapped him and everything.

"Q. All right? A. And he kept on and about—and I kept hollering and

he got mad and got up, because I was hollering."

A neighbor, next door, testified she heard prosecutrix "hollering 'O, that hurts,' and 'quit.' "

█ Generally—particularly in supporting the charge of statutory rape—a prima facie case can be made on the uncorroborated testimony of the prosecutrix. And in rape cases generally the rule is that corroboration is not essential to prove the act of sexual intercourse unless the testimony of the prosecutrix is contradictory and in conflict with physical facts, surrounding circumstances, and common experience so as to be so unconvincing and improbable that it is extremely doubtful. State v. Burton, 355 Mo. 792, 198 S.W.2d 19; State v. Wood, 355 Mo. 1008, 199 S.W. 2d 396; State v. Weekly, Mo.Sup., 223 S.W. 2d 494. As we have said, it is contended by defendant-appellant that the testimony of prosecutrix in the instant case was contradictory and conflicting and that her testimony, particularly on the essential issue of penetration, was uncorroborated. But our examination of the record discloses that, although she testified reluctantly, her testimony was unequivocal, and not contradictory. It is true that, prior to trial, prosecutrix had said her testimony before the committing magistrate (that defendant had had sexual intercourse with her) was untrue. She also had written a note to defendant, after the preliminary hearing and prior to the trial of the cause, in which note was written, "This I have said about Chester Palmer at (the committing magistrate's) Court is not so." In explanation of making the statement and of writing the quoted note, prosecutrix testified that the statement and note were untrue, and that her testimony in the instant trial was true. She said that she had made the statement and had written the note because she "was scared" of what defendant had told her. He had said "that if I didn't * * * He said if I said Yes, that I would be sent to a home" and he "would just get out and run around."

█ Having examined the transcript of the testimony of prosecutrix, including the questions asked by the prosecuting attorney and the answers to the questions of defendant's counsel on cross-examination, we have the opinion the trial court did not abuse its discretion in permitting leading questions and did not err in ordering prosecutrix to testify. The power and the duty inhere in a court of justice, within the sphere of its jurisdiction, to compel witnesses to testify concerning relevant facts within their knowledge, unless they would be incriminated thereby, or unless the matter inquired of is privileged. Here, there is no inference to be drawn from the trial court's admonition other than that prosecutrix was required to testify to the truth. And a trial court has a large discretion in permitting leading questions where, as in the instant case, the witness, prosecutrix, was timid and embarrassed or unwilling. State v. Culpepper, 293 Mo. 249, 238 S.W. 801; State v. George, 214 Mo. 262, 113 S.W. 1116. We note the tender age of the prosecutrix; have related the statements which she said defendant had made to her; and have recited her unequivocal testimony in the trial of this case touching upon the issue of penetration. We think we should not hold that her testimony was unworthy of belief. In fact, her testimony was corroborated by the testimony of the neighbor who said she heard prosecutrix cry out. We think there was evidence of substantial probative value tending to show defendant's guilt, and we hold the evidence was sufficient to justify the submission of the issue of defendant's guilt of the crime as charged to the jury.

In instructing the jury the trial court submitted that if the jury "believe and find from the evidence in this case and beyond a reasonable doubt, that at the County of Scott and State of Missouri, on or about the 27th day of August, 1955, *or at any time within three years next before the filing of this information,* to-wit on the 27th day of August, 1955, the defendant, Chester Palmer, did carnally know the prosecuting wit-

ness, ———— ——— ————, by having sexual intercourse with her * * *." (Our italics.)

Defendant-appellant argues that the clause we have italicized was improper in that it allowed the jury to find that the crime was committed at any time within three years prior to the filing of the information, and that it was confusing to the jury. Time is not of the essence of the offense of which defendant was charged and convicted. State v. Belknap, Mo.Sup., 221 S.W. 39. In the instant case the prosecutrix was unable to give the exact date (in the summer of 1955) of the occurrence which gave rise to this case. But, obviously, prosecutrix was under the age of sixteen years throughout the three years next before the filing of the information, August 27, 1955. And in this case, we have no charge and no evidence introduced by the State fixing the exact time of the offense charged and no evidence introduced by defendant tending to show an alibi, as in the cases cited by defendant. See State v. Chittim, Mo.Sup., 261 S.W.2d 79; State v. Campbell, 324 Mo. 249, 22 S.W.2d 645; State v. Socwell, 318 Mo. 742, 300 S.W. 680. But it is true the italicized clause was not necessary or pertinent in this case where the supreme penalty could have been imposed. Sections 559.260, supra, and 541.190, RSMo 1949, V.A.M.S. Although the italicized clause should not have been included in the instructions given in this case, we cannot see how defendant could have been prejudiced.

Complaint is made of Instruction No. 2, which was as follows,

"The Court instructs the jury that in this case the burden is upon the State to prove that the defendant did carnally know and use ——— ——— ———; and in this connection you are instructed that the proof must show that there was some degree of entrance of the male organ with the private parts of the female; and in this connection you are instructed that such proof may be shown by facts and circumstances from which it may be reasonably inferred by the jury that such penetration was made, and in determining whether or not such penetration was made the jury should take into consideration all the facts and circumstances in evidence."

It is contended the instruction was improper in permitting a finding of penetration upon circumstantial evidence. It is said there was no fact or circumstance shown from which the guilt of defendant could be inferred. However, the direct evidence of prosecutrix that the crime was consummated was corroborated by the circumstance that prosecutrix was heard to cry out as if in pain.

The specific contention that the instruction was erroneous as an instruction on circumstantial evidence because it did not include the advice, in substance, that the circumstances must be consistent with the hypothesis of guilt and inconsistent with the theory of innocence was not "set forth in detail and with particularity" in defendant's motion for a new trial, as required by Supreme Court Rule 27.20, 42 V.A.M.S., p. 119, is not to be considered upon appeal. State v. Bockman, Mo.Sup., 251 S.W.2d 607. But we here definitely say we do not approve the instruction.

While the jury was considering upon its verdict, the circuit clerk approached and knocked at the door of the jury room. When the door was opened, the jurors' script was passed "through the crack" to one of the jurors; however, the clerk had given the jurors the wrong "bundle of checks," and the bundle was returned through the door to the circuit clerk who handed in the correct script. Defendant-appellant asserts he was prejudiced by this untoward conduct, and cites the cases of State v. Hayes, 323 Mo. 578, 19 S.W.2d 883 (a case in which the jury was permitted to separate, and the deputy sheriff was present during the jury's deliberations and

laughed and joked with the jurors); and State v. Jones, 363 Mo. 998, 255 S.W.2d 801 (in which the sheriff, one of the main witnesses for the State, had talked to a juror prior to the submission, and the State made no showing that there was no improper influence). In the instant case the trial court heard testimony relating to the circumstances of the incident of which defendant-appellant complains. This evidence tended to show that only jury script was passed into the jury room and that there was no communication with the jurors which could have influenced them in their deliberations. We cannot understand why it was necessary that the jurors should have their script before they had returned their verdict and had been discharged, and we cannot approve the instant impropriety; but, in view of the evidence introduced tending to negative the possibility of influence, we hold that the impropriety was not, as a matter of law, such as to require a new trial. The trial judge, who had some measure of discretion, had the opinion there was no prejudice. He, better than are we, was able to grasp the effect of the incident. State v. Shawley, 334 Mo. 352, 67 S.W.2d 74.

The information was sufficient in form and substance. The verdict was sufficient in form and responsive. Allocution was afforded and judgment and sentence duly entered and pronounced.

The judgment should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.