**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert BRANOM, Defendant-Appellant.**

**No. 48865.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Robert Branom, appellant, brings this appeal from a conviction of statutory rape, § 566.030.3 RSMo 1978,[1] after a trial by jury and sentencing as a persistent offender, § 558.016, by the trial court, to twenty (20) years in the custody of the Missouri Department of Corrections. On appeal he raises one Point Relied On as grounds for reversal of his conviction; i.e. that the trial court abused its discretion in allowing the prosecutor to ask leading questions of the thirteen (13) year old prosecutrix because said questions were improper and prejudicial to the appellant in that said questions suggested the answers and concerned a crucial element of the rape charge, namely penetration. We affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore it will suffice to state that the jury could, and obviously did, find from the evidence that on September 17, 1983, Robert Branom raped his niece, who was then thirteen years of age, in the City of St. Louis.

A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married and who is less than fourteen years of age, § 566.030. Section 566.010 defines "sexual intercourse" as "... any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results."

Appellant argues, and we agree, that penetration is a crucial element in a charge of rape. He also contends that leading questions propounded to the victim were improper and prejudicial to appellant because of their suggestiveness and because they concerned a crucial element of the crime of rape. The questions of which complaint is made are the following:

Q: Did your clothes get taken off?
A: Yes.
Q: Did you take them off?
A: No.
Q: Did [defendant] take them off?
A: Yeah.
Q: You said that he had his clothes on. Do you know where? Around his ankles or where?
A: To his knees.
Q: Did he get on top of you?
A: Yes

* * * * * *

Q: Did your uncle do anything with his penis? Did he do anything with his penis?
A: Yes
Q: What did he do? Don't be embarrassed, just kind of say it. Did he get on top of you?
A: Yes
Q: When he got on top of you, what did he do with his penis? Did he put it in you?
[Defense Counsel]: Your Honor, if we can approach the bench for just a minute.
THE COURT: Sure.
(The following proceedings took place at the bench, out of the hearing of the jury.)
[Defense Counsel]: I realize that it's hard for her to testify about this, but I'm

---

1. All statutory citations are to RSMo 1978.

going to object particularly in this area of this line of questioning to any leading form because it goes to the direct heart of what happened here and I believe it may be difficult for her to get it out, but the prosecutor's had an opportunity to speak with her and I don't believe he should be allowed to do it. It's too important of a part of the charge.

[Prosecutor]: Okay. I have gone over it with her. She's been hesitant, as any young girl would be, to mention these terms, but *she has done it of her own volition, done it in the past.* I'm trying to establish that.

THE COURT: The objection is overruled. Let's proceed.

(The proceedings returned to open court.)

Q: (Prosecutor)...., did he put his penis in your vagina?

A: (Witness nods.)

Q: Can you say that into the microphone?

A: Yes.

■■■ In general a trial court has wide discretion in permitting leading questions and much depends upon circumstances and the subject matter of the questions. *Hesse v. Wagner,* 475 S.W.2d 55, 62[8] (Mo.1971). In a jury trial in a statutory rape prosecution where the prosecutrix is reluctant to testify or appears to be timid or in fear, the trial judge is permitted to exercise discretion in allowing leading questions to be propounded to her. *State v. Palmer,* 306 S.W.2d 441, 443[3] (Mo.1957); *State v. Leigh,* 580 S.W.2d 536, 541[5] (Mo.App. 1979).

■■■ Our review of the transcript convinces us that the trial court did not abuse its discretion in permitting the leading questions to the prosecutrix. Much of the prosecutor's examination of the prosecutrix involved leading questions, to which she responded with a single-word answer or a nod of the head. It is clear from the transcript that she was distraught and hesitant about testifying against her uncle. Shortly after her testimony set out hereinabove the trial was recessed because she was crying on the witness stand.

Furthermore there was other evidence that she had been penetrated. A medical records technician from City Hospital testified that according to the report of the victim's post-rape examination her hymen was not intact and was lacerated, and that she suffered muscular pains in the area of the vagina-vulva. A criminologist for the St. Louis Metropolitan Police Department, testified that the presence of human sperm was found in a vaginal smear taken from the prosecutrix at the City Hospital. He also testified that seminal fluid was found on the prosecutrix's underpants. From a saliva sample taken from the appellant he determined that the appellant was a Type A secreter, the same type of secreter as the person who left the seminal fluid stain in the victim's underpants.

Under the circumstances of this case we hold that the trial court did not abuse its discretion in allowing the prosecutor to ask the leading questions of which appellant complains and we affirm the judgment of the trial court.

DOWD, P.J., and CRANDALL, J., concur.