## THE STATE v. COFFEE, Appellant.

### Division Two, November 27, 1900.

**Robbery:** IMPRISONMENT FOR TWENTY YEARS: PREJUDICE. The defendant was the principal in a robbery. He approached a pedestrian from behind, threw his arms around his neck and threw him down. Then another man appeared and kicked the pedestrian, and while defendant held him a boy about sixteen years of age appeared upon the scene and he and defendant together robbed him of $5.80, and on conviction the defendant's punishment was fixed at twenty years' imprisonment, and the boy's at five. *Held,* that this difference in the amount of punishment does not justify a reversal of the verdict on the ground that it was the result of prejudice against the defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P Spencer, Judge.*

AFFIRMED.

*Charles T. Noland* for appellant.

The verdict of twenty years against John Coffee, and the verdict of only five years against Frank Schaffer, shows that the jury were so prejudiced against the defendant Coffee that the verdict itself is the result of passion and should be set aside. There is absolutely nothing in this record which would warrant such a discrimination in the sentences. State v. Young, 119 Mo. 495; State v. Jaeger, 66 Mo. 173; State v. Primm, 98 Mo. 368; State v. Packwood, 26 Mo. 340; State v. Daubert, 42 Mo. 239.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The defendant took the initiative in the assault upon the prosecuting witness; it was he who first threw his arms around Doering and felled him to the ground, while young Shaffer was shown to have done nothing save stand by the side and give Doering a few kicks. The lawmakers have wisely provided that jurors may exercise judgment in passing upon the punishment that should be assessed against one who violates the law and it becomes the duty of the jury to take into consideration all mitigating circumstances which may be shown in the evidence in fixing the punishment that should fall upon the several parties who participate in the commission of the same crime. That a man of mature years should suffer greater punishment than one yet in his minority is too

plain to call for discussion. Indeed, the lawmakers recognize this principle in that they have provided that where a person under the age of eighteen has been found guilty of a crime, it becomes the duty of the court to commit such person to the Reform School for Boys for a period of not less than two years, nor beyond the time when he shall arrive at the age of twenty-one years. The fact that defendant Coffee had a revolver in his hand when captured, and having denied with an oath that he was present at the time of the robbery, is sufficient to warrant any jury in discriminating to some extent in the amount of punishment to be assessed against each of said defendants.

BURGESS, J.—Defendant and one Frank Schaffer were jointly indicted in the circuit court of the city of St. Louis for having, at said city, on the first day of April, 1899, assaulted and robbed by force and violence one Albert Doering of the sum of five dollars and eighty cents. Thereafter on October 11, 1899, they were put upon their trial and convicted of robbery in the first degree as charged, and the punishment of Coffee fixed at twenty years, and that of Schaffer at five years imprisonment in the penitentiary. Defendant appeals.

On the night of the first of April, 1899, near the hour of twelve o'clock, as Albert Doering was walking north on Taylor street in said city, he discovered that some one was coming up behind him who finally overtook him, threw his arms around his neck, and threw him down. About this time another man appeared upon the scene, and while Doering was down on the platform, kicked him on the right side. Doering told him not to kick him, but to take his money, that he did not want to be hit. In the meantime another boy, or young man, jumped to his left side. Doering had five dollars and

eighty cents in his pocket, which was taken from him by his assailants by force and against his will, while he was down. As soon as they obtained the money they released Doering, who then began to "holler," and ran up the street. There was a police officer near at hand, and he and Doering followed them, and within a few minutes thereafter the officer apprehended two men, who were recognized by Doering as the two men who robbed and kicked him, Coffee as the man who robbed him, and Schaffer as the man who kicked him.

A short time after the robbery defendant met Doering, and offered to return to him the amount of money taken from him if he would apologize and leave the city for Little Rock, Arkansas, and remain there until after the trial. This Doering agreed to do, and did go to Little Rock, but returned before the trial and testified as a witness thereon, on the part of the State.

One of the grounds upon which defendant relies for a reversal of the judgment in this case is that the verdict of the jury was the result of prejudice against him. This contention is predicated on the fact that the jury fixed his punishment at twenty years' imprisonment in the penitentiary, while they fixed the punishment of his accomplice Schaffer at five years, when they were both equally guilty. But these facts will not, under the circumstances disclosed by the record, justify such conclusion. Coffee is a man of mature years, and was the principal actor in the assault upon Doering. He caught him and threw him down, and held him until he was robbed of his money. Schaffer at the time of the commission of the offense was only about sixteen years of age, and only took part in it after defendant had his victim down and at his mercy. When these facts are considered, together with the further fact that there is no limit, under our statute, to the punishment by imprisonment, of highway robbery, the jury

were clearly justified in discriminating against the defendant in assessing the punishment, rather than the contention that it was the result of prejudice. We must therefore rule this point against the defendant.

It is also claimed by the defendant that there was evidence tending to show that the offense was nothing more than petit larceny and that the court erred in failing to instruct upon that theory of the case, especially when its attention had been called to its failure to do so. But the facts as disclosed by the record do not sustain this contention. It was a clear case of robbery in the first degree of the boldest and most outrageous character, without a single fact or circumstance to reduce the offense to a lower grade.

The judgment should be affirmed. It is so ordered. *Gantt, P. J.,* and *Sherwood, J.,* concur.