THE STATE v. CHARLES WHITLEY, Appellant.—36 S. W. (2d) 937.

Division Two, March 25, 1931.

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Assistant Attorney-General, for respondent.

DAVIS, C.—In an indictment filed in the Circuit Court of Pettis County, defendant was charged with robbery in the first degree. Tried to a jury, he was found guilty, and his punishment assessed

at five years in the penitentiary. After motion for a new trial filed and overruled, judgment was pronounced on the verdict, and he appealed.

The evidence adduced on the part of the State warrants the finding that, in the city of Sedalia, in Pettis County, shortly after the hour of one-fifteen A. M. on January 6, 1929, the prosecuting witness, Henry Christian, after spending most of the evening in a place where gambling was carried on, was robbed while walking down a road towards home. After crossing the tracks, defendant holloed to Christian, who was toting groceries, "Wait a minute," and, on approaching him and telling him who he was, defendant took the groceries and carried them to Pettis Street. Advising the prosecuting witness that this was the nearest way home, defendant handed the groceries to him and departed, after asking for a dime, which the witness refused, saying it was too cold to go in his pocket, but that in the morning he would fix him up. Proceeding on, the prosecuting witness advanced as far as the Bachelor's Club, which he intended to enter. The prosecuting witness testified:

"I saw someone coming running from behind. I waited for a second; instead of going by me, he grabbed me by the collar with his right hand and threw his left behind my neck and stayed behind me all the time; drug me about thirty feet; when he got thirty feet away commenced trying to go in my pocket. I says, 'Man, you can't rob me' . . . When he first grabbed me, he says, 'You haven't got any business in there,' and commenced pushing me and had his arm around me. I says, 'Man, you can't rob me;' I says, 'Get away,' and he commenced twisting, he had such a grip, so he tripped me and threw me down. My head fell to the east, my feet to the west; we were scuffling, he had his arm around this way (illustrating); . . . that throwed him on the right side and me behind him . . . I kept trying to see him and I saw a man coming up from the west, running up, that I recognized to be Charley Whitley (defendant). I supposed he was coming to help me; he come up from the west, come into the north on the north side and saw that I saw him and ducked back to the back and jumped on this fellow's back and I felt him when he run his hand in my left-hand pocket and he says, 'Come on, I have got it,' and they jumped up and ran down the alley."

The prosecuting witness further stated that defendant came within three or four feet of him before he recognized him and that he recognized the voice as defendant's when he said, "Come on, I have got it." He had known defendant for about twenty years. He was unable to recognize the identity of the other robber. The record shows that the prosecuting witness and defendant both were negroes. It may be well to say that defendant is not represented in this court by counsel or brief.

I. A review of the record proper, which includes the information and the verdict, shows that it is free from error. The information follows substantially and as near as may be the information discussed in State v. Craft, 23 S. W. (2d) 183, thus rendering it sufficient. The verdict is general, finding the defendant guilty as charged in the indictment and assessing his punishment at imprisonment in the state penitentiary for five years. We find no fault in it.

II. Taking the motion for a new trial as the assignment of errors, we find only four questions of error preserved in it: (1) That the verdict of the jury was the result of prejudice against defendant; (2) That the evidence was insufficient to sustain a verdict of guilty; (3) That the court erred in failing to instruct the jury on the question of larceny; (4) that the court failed to instruct the jury on second degree robbery, because the evidence shows that no force was used by defendant.

We see nothing in the record that tends to establish prejudice on the part of the jury. The evidence tended to show the commission of an offense by defendant, and, if he was guilty of robbery under Section 4058, Revised Statutes 1929, he received the least punishment prescribed by the statute (Sec. 4061, R. S. 1929). [State v. Steelman, 300 S. W. 743.]

III. The evidence shows that defendant not only acted as an aider and abettor, but that he was a participant in the transaction. The unidentified man used force in strongarming the prosecuting witness and throwing him to the ground, and while thus *hors de combat,* his pocketbook containing twenty-five dollars was taken from him. We think this was the use of force as contemplated by the statute, and we are unable to comprehend serious question in regard thereto. The property was taken by force and against the will of the prosecuting witness. The indictment avers a robbery both by the putting in fear of some immediate injury to his person and against his will by violence to his person. Section 4058, Revised Statutes 1929, provides that first degree robbery may be committed either by putting a person in fear of some immediate injury to his person or by feloniously taking the property of another from his person, or in his presence and against his will, by violence to his person. Either averment would have been sufficient as the basis of a verdict and judgment. In this case, both violence to the person and the putting in fear were shown by the evidence, in conformity with the averments of the indictment. With respect to the putting in fear, the question is answered in State v. Kennedy, 154 Mo. 268, l. c. 283, 55 S. W. 293, reading: "It has long been decided

that it is unnecessary to charge a putting in fear in the indictment or to prove actual fear, for if the fact be laid to be done violently and against the will, the law *in odium spoliatoris* will presume fear."

IV. ·The serious question confronting us involves the failure of the court to instruct the jury relative to larceny. In State v. Lasson, 292 Mo. 155, 238 S. W. 101, the facts show that a woman, with others, was standing on the sidewalk when the defendant therein and one Thompson approached, and Thompson snatched and twisted a bag containing money from the woman's hand, which fell to the ground, whereupon defendant therein grabbed it from the ground and fled. This court held that the evidence was sufficient to justify an inference that defendant therein was not acting in concert with Thompson, thus compelling the court, upon request, to instruct the jury relative to larceny. In the case at bar, if the evidence authorized such an instruction, then the subject involved the law of the case, and it is ground for reversal, even though not requested, as the motion for a new trial complains of the matter. [State v. Fine, 23 S. W. (2d) 7.] Undoubtedly, the State's evidence shows the use of force and an inference of fear. The defendant's evidence tends to establish an alibi and the non-presence of defendant at the scene of robbery. As to the unidentified man, the evidence shows nothing less than the use of force and the putting in fear. If defendant took the money from the prosecuting witness, he took it as the result of an overpowering force exerted by the other man, while the witness was struggling. Defendant adopted the force exerted by the other man, resulting that the money was taken from the witness by defendant while he was rendered helpless and thus by force. The facts show that defendant joined and participated in the enterprise and robbery. This case and State v. Lasson, supra, are distinguishable on the respective facts. The facts herein do not justify an instruction on larceny (State v. Coffee, 158 Mo. 568, 59 S. W. 964), for the asportation while the other man was using force on the prosecuting witness was tantamount to a taking by defendant while using force and violence.

V. Defendant complains that the court erred in failing to give the jury an instruction involving second degree robbery. [Sec. 4059, R. S. 1929.] Robbery in the second degree is predicated on a fear that the threatened injury may be inflicted at some different time, either to his own person or property, or to the person of any relative or member of his family. [State v. Smith, 119 Mo. 439, 1. c. 444, 24 S. W. 1000.] Moreover, the facts show that the asportation of the money of the prosecuting witness resulted from force. It is evident, therefore,

that an instruction on second degree robbery was inapposite, not only because the facts failed to bring it within the elements of that degree, but because the facts were applicable to robbery in the first degree only.

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.