STATE v. T. L. WOOD, Appellant.—No. 40166.—199 S. W. (2d) 396.

Division Two, February 10, 1947.

*J. L. Bess* for appellant.

*J. E. Taylor,* Attorney General, *Aubrey R. Hammett, Jr.,* and *Harry H. Kay,* Assistant Attorneys General, for respondent.

 TIPTON, J.—In the circuit court of Oregon County, Missouri, appellant was convicted of the crime of statutory rape and his punishment assessed at two years' imprisonment in the state penitentiary. From this sentence he has duly appealed.

Appellant contends that his motion for a directed verdict should have been sustained because of the contradictory statements of prosecutrix under oath and because her evidence was not corroborated.

The evidence shows that on June 2, 1945, prosecutrix was fifteen years of age. On that date appellant picked her up at her sister's home, drove her out on the Couch road located in Oregon County, and while there had intercourse with her. Prosecutrix testified that this was not the first time she had had intercourse with appellant but that she had never had intercourse with anyone else. Appellant denied that he had ever had intercourse with prosecutrix.

On cross-examination prosecutrix admitted that on January 18, 1946, at the office of the attorney for appellant in West Plains she made an affidavit to the effect that she did not have intercourse with appellant on June 2, 1945, nor at any other time. This affidavit was

prepared by the attorney for appellant. On redirect examination she testified that on January 18, 1946, appellant picked her up at her sister's home and drove her to West Plains, that he coached her as to what to say to his attorney, and that this was why she told appellant's attorney that she had never had intercourse with appellant. She further testified that appellant was with her at his attorney's office and then drove her back to her sister's home. On further cross-examination she testified that the affidavit was false, that the truth was that appellant did have intercourse with her on the night of June 2, 1945, and also on dates previous to that date.

Dr. G. B. Forrest testified that on June 2, 1945, he was practicing medicine at Alton, Missouri. He testified that on several occasions appellant had told him of "his girl" and that "they would go out on the river to a club house." Two or three days prior to June 2, 1945, prosecutrix came to his office complaining of her breast. He examined her and told her she had probably taken cold. Upon leaving his office he saw her go into the store where appellant worked. Shortly thereafter appellant asked him what was the matter with prosecutrix's breast and he told him he did not know. After chuckling, appellant said to the witness, "She may be breeding." The witness told appellant that he thought he was "looking at the penitentiary door," and appellant asked the witness not to talk too much. The witness then inquired of appellant if prosecutrix was the girl he had been talking about and was told she was the girl.

Joe Black testified that he had told appellant to let prosecutrix alone, that he had seen them together in a car.

 The father of prosecutrix testified that appellant called for his daughter in April of 1945 and that he invited him in the house. Appellant told him that he would wait for her in the car, whereupon the father told appellant that prosecutrix was only fifteen years of age and he "did not allow him or any other man fooling with her."

 "A number of cases have held that in statutory rape particularly a prima facie case can be made on the uncorroborated testimony of the prosecutrix. State v. Thomas, 351 Mo. 804, 174 S. W. 2d 337. And in rape cases generally the rule is that corroboration is not essential to prove the act of sexual intercourse unless the testimony of the prosecutrix is contradictory and in conflict with physical facts, surrounding circumstances, and common experience so as to be so unconvincing and improbable that it is extremely doubtful. State v. King, 342 Mo. 975, 119 S. W. 2d 277; State v. Roddy, Mo. Sup., 171 S. W. 2d 713; State v. Burton, Mo. Sup., 196 S. W. 2d 621." State v. Burton, 355 Mo. 467, 198 S. W. 2d 19, l. c. 20.

We think that the testimony of witnesses Dr. G. B. Forrest, Joe Black and prosecutrix's father tends to corroborate prosecutrix's testimony that appellant did have intercourse with her. Since there was evidence tending to corroborate prosecutrix, we hold that it is suf-

ficiently substantial to support the verdict. State v. Mundy, 76 S. W. 2d 1088.

Appellant assigns as error the overruling of his objection to the prosecuting attorney's opening statement to the jury, the failure of the court to instruct on circumstantial evidence, the failure to instruct in regard to contradictory statements of prosecutrix, and the failure to instruct on previous good reputation of appellant. These assignments are not properly before us for the reason that none of them are mentioned in appellant's motion for a new trial.

Appellant assigns as error the trial court's action in permitting the prosecuting attorney to introduce incompetent and irrelevant testimony over his objections. He also asserts that the verdict is against the law and the evidence. These assignments are not properly before us because they were not preserved with detail and particularity in his motion for a new trial. State v. Marlin, 177 S. W. 2d 485; Section 4125, R. S. Mo. 1939.

At first the jury returned the following verdict: "We, the jury find the defendant, T. L. Wood, guilty of rape, as charged in the information, and we do assess his punishment at 2 years with clemency." The trial court informed the jury that their verdict meant two years in the state penitentiary and instructed them to retire to the jury room and return a verdict in proper form, that no instruction had been given that would permit the words, "with clemency." The jury retired to the jury room and later returned the following verdict: "We, the jury find the defendant, T. L. Wood, guilty of rape, as charged in the information, and we do assess his punishment at 2 years in the State Penitentiary."

The action of the trial court in this regard was entirely proper. The court not only may but should see that verdicts are in proper form. Certainly in this case there is absolutely no doubt that the verdict as amended was in effect the same as that first returned into court except that it was in proper form. State v. Sartino, 216 Mo. 408, 115 S. W. 1015.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.