STATE of Missouri, Respondent,

v.

Jack George CHURCHILL, Appellant.

No. 45526.

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1957.

Rehearing Denied March 11, 1957.

Irl B. Baris, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Jack George Churchill has been found guilty of robbery in the first degree and sentenced to five years' imprisonment. Upon this appeal his assignment of error that the verdict is against the law and the weight of the evidence preserves nothing for review, V.A.M.S. § 547.030; 42 V.A. M.S.Sup.Ct.Rule 27.20; nevertheless, other assignments relating to instructions and to the trial court's failure to sustain his motions for judgment of acquittal require consideration of the essential merits of his conviction.

From the state's evidence the jury could find that on the evening of July 27, 1955, Willard Ray and his wife parked their automobile near the intersection of West Pine Street and Kingshighway and attended a plumbers' convention at the Chase Hotel. Mrs. Ray left the convention about 11:30 o'clock and went home on a bus. Mr. Ray stayed on until about 12:30 when he left the hotel, carrying an almost empty bottle of gin in his hand, and started walking south on Kingshighway in the direction of his parked automobile. He saw someone standing near a bus stop on the west side of Laclede and Kingshighway and thinking that it might be his wife walked on farther south on Kingshighway to a driveway or alley. When he reached this point two young men, Metz and Woodward, approached him, took him by the arm and said that they were going to take him home and urged him to get in a car, a two-tone blue Plymouth parked on the west side of Kingshighway. He first thought they were joke-playing friends but when he discovered that they were not friends he got a knife from his pants pocket and these two young men retreated to the parked Plymouth. Almost immediately two other young men appeared, Churchill and Ridge, and as one of them twisted his arm, causing him to drop his knife, Churchill struck him on the head with a taped "seaman's spike" and stunned him. When he regained consciousness his wallet was missing from his hip pocket. In the wallet there was about ten dollars in money, his union card, a receipt from the Disabled American Veterans, and an oil company card. An unemployed taxicab driver, sitting on a park bench, saw the Plymouth automobile and observed that it bore an Illinois license plate. He saw two men get out of the car and walk towards the driveway and shortly heard a man cry "Help, oh, no, don't." He saw the two men as they returned to the car and identified them as Churchill and Ridge. As the car drove away the taxicab driver walked up to the driveway and saw Mr. Ray "staggering out," bleeding from his head wounds. The taxicab driver, Sheehan, and Ray called the police. Ray was taken to City Hospital and in a short while the four young men, Churchill, Ridge, Metz and Woodward, were arrested as they sat in a restaurant. When Churchill's Plymouth automobile was searched the "seaman's spike" was found under the front seat; the searching officer also found Ray's union card, the receipt from the veteran's organization and the oil company card. After being advised of his rights by a representative of the provost marshal's office, Churchill orally admitted that he and his three companions came to St. Louis from the Scott Airfield Base for the purpose of "rolling queers" in Forest Park, and, seeing Ray staggering down the street, thought he would be an "easy touch" and proceeded to rob him as indicated.

As the only witness testifying in his defense Churchill said that he and his companions saw Ray staggering down the street and undertook to help him; he was already bleeding and refused to let them take him

home or to the hospital and they all left when he brandished a knife. Churchill identified the "seaman's spike" which he said he carried to pound out dents in bent fenders but he denied striking Ray and he denied that he or his companions took his wallet and its contents.

In these circumstances, as the jury could reasonably find them, there can be but slight if any doubt that the evidence supports the charge and that the trial court did not err in overruling Churchill's motions for a judgment of acquittal. State v. Shipley, Mo., 232 S.W.2d 515; State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75. The essence of the offense of robbery in the first degree, under both the statute and the common law, is "feloniously taking the property of another from his person, or in his presence, and against his will" V.A.M.S. § 560.120, and the offense may be committed in two ways; one, by violence, or, two, by putting the victim in fear of some immediate injury to his person. State v. Parker, 262 Mo. 169, 170 S.W. 1121, L.R.A.1915C, 121. The principal instruction here hypothesized a finding that Churchill, either acting alone or with others, "did feloniously assault" Ray and by force and violence to his person and against his will rob him, and it was not necessary for the court, of its own volition, to define the word "assault." State v. Hall, Mo., 7 S.W.2d 1001; State v. Carolla, 316 Mo. 213, 292 S.W. 721. Compare: State v. Farmer, Mo., 130 S.W.2d 572. The evidence, if accepted, shows that Churchill struck Mr. Ray over the head with a "seaman's spike" and circumstantially—aside from his admission —that either Churchill or Ridge took his wallet from his pocket and that, of course, completed the offense of robbery in the first degree and there were no circumstances compelling an instruction on felonious assault with intent to rob or on simple assault with intent to rob. State v. Hands, Mo., 260 S.W.2d 14; State v. Gaines, Mo., 261 S.W.2d 119. The fact that Ray was unconscious when his wallet and its contents were removed from his pocket does not demonstrate that they were not taken "against the will of Willard Ray," and the fact certainly does not remove any of the essentials of the offense or change its grade or degree. Jennings v. State, Okl.Cr., 179 P.2d 693; 77 C.J.S., Robbery, § 21, p. 462; 46 Am.Jur., Sec. 51, p. 162. The offense is robbery in the first degree regardless of the amount or value of the money taken, here ten dollars, and the evidence did not compel an instruction on either simple assault or petit larceny. State v. Gabriel, supra; State v. Biven, Mo., 151 S.W.2d 1114; State v. Whitley, 327 Mo. 226, 36 S.W.2d 937; State v. Reynolds, 345 Mo. 79, 131 S.W.2d 552.

Mrs. Hampel was the custodian of the records in the City Hospital records room and identified Mr. Ray's "receiving room" card which showed the suturing of his head lacerations and his discharge on the morning of his admission. There was no claim of surprise, or request for a continuance, or for any other relief by reason of her testifying; the sole objection was that she "is not endorsed," and the court did not abuse its discretion in permitting the endorsement of her name on the information when she was called to testify as a witness for the state. V.A.M.S. §§ 545.070, 545.240; Sup.Ct.Rule 24.17; State v. Baker, 318 Mo. 542, 300 S.W. 699. The only objection to the card was, "I will object to the entire record, because there is nothing to indicate that this witness had anything to do with the preparation of this card, and these men whose names appear on the card apparently prepared it." The objection does not correspond to the one now made in the motion for a new trial that the card was hearsay and incompetent; and the specific objection is certainly without merit inasmuch as the witness was "the custodian" and qualified to identify the card and "the mode" of its preparation. V.A.M.S. § 490.680; 32 C.J.S., Evidence, § 415, p. 43; Allen v. St. Louis Public Service Co., Mo., 285 S.W.2d 663.

Mr. Ray's comparative sobriety or intoxication has but little to do with the appellant's guilt or innocence but the quantity of gin he had consumed at the plumbers'

convention was gone into extensively and the court did not err in sustaining objections to the two immaterial questions to his wife: "Does your husband drink often?" and "Have you ever seen your husband intoxicated?" State v. Linders, Mo., 224 S.W. 2d 386. There is no effort to demonstrate that the Crescent Oil Company card was prejudicial but upon the police officer's being unable to identify the card as one of the objects found in Churchill's car the prosecuting attorney withdrew the exhibit and there was no prejudicial error in either its initial admission or subsequent withdrawal. 24 C.J.S., Criminal Law, § 1915 e, f, pp. 971, 982.

The jury returned the following verdict, "We, the jury in the above entitled cause, find the defendant guilty of Robbery 1st Degree as charged in the information and assess the punishment at imprisonment in the State Penitentiary for five years minimum of five years *with leniency.*" As soon as the verdict was returned the jury was polled and all of the members of the jury concurred in the verdict and so there was no occasion for the jury to deliberate further upon their verdict. Sup. Ct.Rule 27.01(e). The recommendation of "leniency" was surplusage and did not render the verdict unintelligible, State v. Burton, 355 Mo. 792, 198 S.W.2d 19, and the court did not err to the appellant's prejudice in accepting the verdict. State v. Wood, 355 Mo. 1008, 199 S.W.2d 396; 3 Wharton, Criminal Procedure, Sec. 1690, p. 2125.

Questions not required to be presented in a motion for a new trial have been examined and the transcript shows compliance with all matters necessary to be considered by this court "upon the record before it." Sup.Ct.Rule 28.02; V.A.M.S. § 547.270. The information appropriately charges the appellant with the offense of robbery in the first degree, V.A.M.S. § 560.120; State v. Foster, Mo., 249 S.W.2d 371, the minimum punishment was inflicted, V.A.M.S. § 560.135, there was allocution

and the sentence and judgment is responsive to the verdict. Sup.Ct.Rules 27.08, 27.09. Since no prejudicial error is found or demonstrated upon the transcript the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.