**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Allen MERRIETT,
Defendant-Appellant.**

**No. KCD 29287.**

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Motion for Rehearing and/or Transfer
Denied April 3, 1978.

Glen A. Dietrich, Larry L. Zahnd, Zahnd & Dietrich, Maryville, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Nannette Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

James Merriett was convicted of burglary in the second degree and stealing. §§ 560.-070 and 560.156, RSMo 1969. The jury assessed punishment at two years imprisonment on each charge.

On this appeal Merriett contends the evidence is insufficient to sustain the conviction, the information was improper because it contained an erroneous statute number, and the verdict was not in proper form. Affirmed.

The evidence would justify the jury in finding the following facts. The West Nodaway School District owned a 3–M Thermofax copy machine located in the Quitman Elementary School. In December, 1975, the officials at Quitman noticed a window and door pane had been broken. Outside the broken window a book of instructions regarding the Thermofax machine was found. It was not until school resumed in January that the copy machine was discovered to be missing. School officials testified the building had been locked and secured at the time the broken glass was discovered and no one had permission to enter or remove any property.

A short time later a deputy sheriff acting on a tip discovered the copy machine in the trunk of a car belonging to Floyd Olson. Olson testified Merriett had borrowed his car and later told Olson he "got" the copy machine from the Quitman School and placed it in the trunk of Olson's car.

On appeal the facts in evidence and the favorable inferences to be drawn therefrom must be considered in the most favorable light to the State and all evidence and inferences to the contrary must be disre-

garded. *State v. Franco,* 544 S.W.2d 533, 534[1–4] (Mo. banc 1976). Under the rule it is apparent the jury could have found Merriett committed the burglary at the Quitman School and stole the copy machine and placed it in Olson's trunk.

Merriett, however, argues the insufficiency of the evidence on the basis the evidence was wholly circumstantial and there was no evidence to place Merriett at the scene of the burglary. The flaw in Merriett's argument is his characterization of the evidence as being circumstantial. The admission by Merriett that he "got" the copy machine from the Quitman School was direct evidence because it was an admission on the part of Merriett. *State v. Cox,* 352 S.W.2d 665, 670[2, 3] (Mo.1961).

The jury was entitled to infer from this statement that Merriett broke and entered the school and stole the machine when this admission is taken with the evidence of the forcible entry into the school and the direct evidence that the copy machine was stolen therefrom. This case does not fall within the rule applicable to circumstantial evidence cases because it is not based upon circumstantial evidence but on direct evidence.

Merriett next contends the information was fatally defective because it referred to § 560.045 which proscribes the breaking into of a dwelling house. The body of the information fully described the building which had been broken into and entered as a school building and identified the owner as the West Nodaway School District. Merriett could not have been misled as to the identity of the building with which he was charged with breaking and entering. The citation of any statute was unnecessary and the citation to an erroneous statute number will be considered as surplusage. *State v. Aston,* 412 S.W.2d 175, 182[13] (Mo.1967). There was no prejudice shown by the reference to the erroneous number and none is discerned.

Merriett finally contends the verdict of the jury was not in proper form, was equivocal and indicated an obvious compro-

mise as to his guilt or innocence. Merriett's argument is based on a statement added to the conventional verdict form by the jury "and the jury recommends leniency." Merriett concedes the case law in Missouri is contrary to his position but argues the verdict was an obvious compromise and equivocal. Merriett does not demonstrate how he arrives at the compromise or equivocal nature of the verdict apart from the statement concerning leniency.

A reference by the jury to leniency in their verdict was held to be surplusage in *State v. Churchill,* 299 S.W.2d 475, 479[14, 15] (Mo.1957). Absent any showing as to how the inclusion of the recommendation for leniency in this verdict resulted in any prejudice to Merriett, the rule in *Churchill* should be followed.

The judgment is affirmed.

All concur.