STATE of Missouri, Respondent,

v.

Michael A. HELM, Appellant.

No. WD 32241.

Missouri Court of Appeals,
Western District.

Nov. 3, 1981.

Sloan R. Wilson, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen. and Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCH-ARD and CLARK, JJ.

CLARK, Judge.

Michael A. Helm, convicted by a jury of the offenses of assault in the first degree by means of a dangerous instrument and armed criminal action, appeals from the judgment and sentences of thirty and twenty-five years imposed consecutively.

Six points of error are advanced, none of which challenges the sufficiency of the evidence to support the conviction. Issue is taken, however, with the jury instructions and the identity of the offenses requiring that the facts of the crimes be summarily recounted. Consistent with the verdicts returned, the jury could reasonably have found the following facts.

On October 11, 1979, Helm observed one Carolyn Harvey to be alone in a self-service laundromat. Helm went to a nearby hardware store where he stole a large knife similar to a machete. Returning to the laundromat, he confronted the victim and on threat of injury from the knife, she surrendered her purse to Helm. The purse was found to contain only a dollar and coins, a circumstance which apparently enraged Helm. He thereupon required the victim to prostrate herself on the floor and struck her about the head and neck with the knife cutting through her collarbone and scalp, severing an earlobe and a finger and inflicting other injuries. Helm was identified by the victim, by an employee of the hardware store and by two other witnesses at nearby business establishments. Helm did not testify and he offered no evidence.

Addressing the points in the order briefed, the first contends that Helm's confession, obtained after his arrest some four days following the crime, should have been suppressed because it was obtained while Helm was under the influence of drugs and alcohol and was extracted under a promise of leniency and by misrepresentation of facts. At the pre-trial suppression hearing, Helm testified that he had been drinking whiskey and beer and smoking marijuana the day of his arrest and that the condition thereby produced had caused him to believe the interrogating police officer when the latter told him witnesses had identified him in a lineup and that he would receive a light sentence if he confessed.

The evidence which Helm gave was directly opposed to that of the police officer who recorded the confession. The officer testified that Helm was fully informed of his right to counsel and right to remain silent, an aspect of the interrogation not in dispute, and that Helm appeared normal, well oriented and possessed of normal faculties. The officer acknowledged having told Helm that cooperation is sometimes taken "with a note of leniency" but he denied any express promise or representation.

Where, as here, the evidence conflicts as to the voluntary nature of a confession, the trial court has the responsibility to weigh the evidence and judge the credibility of witnesses. State v. Rapheld, 587 S.W.2d 881, 886 (Mo.App.1979). On appeal, the trial court's ruling must be viewed in the light most favorable to the state. State v. Woodward, 587 S.W.2d 287, 289 (Mo.App. 1979). The burden on the state is to prove by a preponderance of the evidence that the confession was voluntary. State v. Hughes, 596 S.W.2d 723, 726 (Mo. banc 1980). If the evidence was sufficient to sustain the trial court's ruling, according deference to the judgment of the trial court on the credibility of witnesses, the result must be upheld on appeal unless manifest error has been committed. State v. Haas, 610 S.W.2d 68, 73 (Mo.App.1980).

Quite apparently, the trial court accepted the testimony of the police officer as to Helm's appearance and demeanor during questioning and found Helm's evidence not credible, as the court was entitled to do on conflicting testimony. Upon this resolution of the facts, the confession was properly admitted over Helm's objection as posed. The court did not err in overruling the motion to suppress.

In his next point, Helm contends a mistrial should have been declared when the state, in reading Helm's confession to the jury, included the following:

"Question: Have you ever hurt anyone before when you robbed them?

"Answer: No."

The argument is based on the prejudicial effect by implication that Helm had been involved in other robberies.

The question and answer above noted were included in Helm's three-page confession, all of which was read to the jury by the prosecutor. The statement, with other exhibits, was then passed to the jury for inspection. It was only then, after the confession was being examined by the jurors, that counsel for Helm first raised a question as to the prejudicial nature of reference to other crimes Helm may have committed. In a side bar conference, either during or after the circulation of the exhibit among the jurors, counsel moved for a mistrial. The court denied the motion on the ground that it had not been made timely. No relief, other than a mistrial, was asked.

The general rule is that an objection must be timely made in order to preserve error for review on appeal and this usually necessitates lodging the objection at the earliest possible opportunity so that the trial judge may take corrective action. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo. App.1973). In the case of demonstrative evidence, the point will be deemed to have been waived if preliminary testimony on the subject of an exhibit is received without objection. *State v. Weeks*, 603 S.W.2d 657, 664 (Mo.App.1980). Assignments of error regarding admissibility of evidence are not

for consideration on appeal unless timely presented to the trial court when the evidence was offered. *State v. McMillin*, 581 S.W.2d 612, 616 (Mo.App.1979).

In this case, the content of Helm's confession was known well in advance of trial and although objection was made to the confession on the ground it was involuntary, no mention was made of the present point until after the document had been received in evidence, had been read to the jury and handed to them for personal inspection. The objection came too late and the point has not been preserved for appellate review.

Moreover, the record indicates that counsel sought no relief other than a mistrial, a strong indication of a conscious design to raise objection at a time when curative relief other than a mistrial would be unavailing. The declaration of a mistrial is a drastic remedy of limited application to incidents of grievous error. *State v. Parker*, 476 S.W.2d 513, 515 (Mo.1972). The decision to grant or refuse a mistrial is within the discretion of the trial court. *State v. Brunson*, 559 S.W.2d 60 (Mo.App. 1977). We cannot conclude here that the trial court abused that discretion.

In his third point, Helm argues that the jury instruction given as the verdict director for the charge of armed criminal action was in error because it failed to include as an element of the offense "knowing" conduct by the accused. This aspect of the case is significant, Helm contends, because his defense was his drugged or intoxicated condition, a circumstance which, if believed, would have negated a purposeful and culpable mental state. When the verdict director did not require the jury to find Helm had acted knowingly, he asserts he was denied consideration of his defense.

The defense Helm offered was based on the content of his confession in which he described a quantity of liquor and drugs consumed on the day of the crime. Helm requested and the court gave an instruction on the pattern of MAI–CR2d

3.30.1 posing the defense of voluntary intoxication as authorized by § 562.076(1), RSMo 1978. This defense is effective to negative the requisite mental state when purpose or knowledge is an element of the offense charged, or of an included offense.

The jury instruction on the charge of armed criminal action, to which this point is directed, described the elements of that offense and of the underlying felony of robbery. While the offense charged against Helm in the first count, first degree assault, § 565.050(1), RSMo 1978, requires specific intent, and the jury was so instructed, the state's verdict directing instruction as to armed criminal action, § 571.015.1, RSMo 1978, contained no element of mental state and thus did not contain the reciprocal language alluded to in the special negative defense instruction. We conclude, for several reasons, that Helm's complaint on this issue has no merit.

■ Neither robbery, § 569.020, RSMo 1978, nor armed criminal action, § 571.015.1, RSMo 1978, contain any explicit requirement that the offense be committed with purpose or knowing intent. The jury is not called upon to assess the defendant's mental state as a condition to reaching a verdict. By definition, voluntary intoxication therefore cannot be a defense to robbery or armed criminal action because the defense is limited by the terms of the statute to offenses which include the elements of mental state of purpose or knowledge. By instruction to the jury here on the defense of voluntary intoxication, the court gave Helm more than he was entitled to on the charge of armed criminal action and he is not entitled to complain that the verdict directing instruction which followed the MAI–CR2d pattern was not modified accordingly.

As to the charge of assault, which includes the element of mental state, the jury was instructed that a guilty verdict could not be returned unless Helm were found to have acted knowingly without impairment of that element by reason of voluntary intoxication. By its verdict, the jury rejected the special negative defense when it found Helm guilty of assault. Irrespective of the form of instruction given on the charge of armed criminal action, it must follow that Helm failed to make his case because the jury did not believe his state of intoxication precluded conscious and willful conduct. Any error in the instruction on armed criminal action was therefore harmless.

■ Lastly, the content of Helm's confession, the only basis for the defense of voluntary intoxication, belies the claim by Helm that intoxication clouded his mind to the extent that he acted unknowingly. His statement recounts in some detail the events which occurred and demonstrates current awareness incompatible with a state of intoxication overbearing conscious will. Under such facts, the defendant is not entitled to the instruction on voluntary intoxication. *State v. Bienkowski,* 624 S.W. 2d 107 (Mo.App.1981).

In his fourth and sixth points, Helm asserts that submission of the armed criminal action charge based on the underlying felony of robbery was error because the latter charge had been withdrawn leaving assault as the only remaining felony to support the charge of armed criminal action. He then contends that conviction for both assault and armed criminal action may not stand and that the conviction for armed criminal action must be voided on the ground of *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980).

■ The initial fallacy in Helm's argument is the implicit assumption that the charge of armed criminal action based on the underlying felony of robbery could not be prosecuted once the robbery charge had been dismissed. Although *Sours v. State, supra* prohibits dual punishment for armed criminal action and the underlying felony and subsequent application of the *Sours* rationale has frequently involved cases where the accused was charged and prosecuted for both offenses, armed criminal action and the underlying felony, the holdings in no way prohibit prosecution for armed

criminal action alone with appropriate instruction as to elements of the underlying felony.

Indeed, the foundation of the result in the *Sours* cases is the determination that armed criminal action is an independent crime to be charged and prosecuted as such. Depending on the elements of the underlying felony, whether it too involves the use of a dangerous instrument or deadly weapon, it may be that the jury should be instructed as was directed in *State ex rel. Westfall v. Ruddy,* 621 S.W.2d 42 (Mo. 1981), or the underlying felony may be a lesser included offense as described in *Sours v. State,* 593 S.W.2d 208, 213 (Mo. banc 1980), *vacated on other grounds, Missouri v. Sours,* 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). In neither event, however, is a conviction for armed criminal action procedurally defective because the underlying felony was not charged and prosecuted.

Helm merges in this argument the contention that assault in the first degree as charged and prosecuted was the felony underlying the charge of armed criminal action, despite the content of the armed criminal action instruction which postulated robbery as the underlying felony. He then contends for avoidance of the armed criminal action conviction on the ground of double jeopardy.

This contention would have merit were there to have been only one felony committed consisting of the robbery of the victim and an assault perpetrated in conjunction with the robbery. Where a single act of force is proven as an essential element of robbery, that act may not be employed to convict of the separate crime of assault. If, however, separate and distinct acts of force occur so that the assault is not prior to or coterminous with the robbery, separate offenses may be charged and prosecuted. *State v. Richardson,* 460 S.W.2d 537 (Mo. banc 1970); *Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980).

In this case, Helm accomplished the robbery by threatening the victim with a knife and taking her purse. After the robbery had been completed and while he had the victim's money, Helm then compelled her to lie on the floor and struck her with the knife. Two separate acts of force were shown and two offenses were proven. The conviction for assault therefore represents an independent crime and does not preclude conviction for armed criminal action based on the underlying felony of robbery.

In his final point, Helm complains of procedures which were employed to obtain a verdict in proper form from the jury as to the charge of assault. Forms of verdict were originally supplied to the jury with the instructions on the case. After the verdicts had been returned but while the jury was still seated in the jury box, it was discovered that the form for return of a guilty verdict on the offense of assault in the first degree did not include the required language for a Class A felony, "by means of a deadly weapon or dangerous instrument." The verdict as originally returned found Helm guilty of first degree assault and assessed punishment at thirty years, a term permissible only for a Class A felony.

In a side bar conference, it was agreed among counsel and the court that the verdict was defective in that the term of punishment selected by the jury could not stand absent a finding that a weapon or dangerous instrument had been used. The court proposed and counsel agreed, as a corrective measure, that the jury be returned to the jury room with a complete set of verdict forms, including one containing the express finding earlier omitted, and that they be instructed to agree upon their verdict on the assault count.

The jury again retired and again returned with the corrected verdict form, but the court then discovered the corrected form had used the term "deadly weapon" when the term applicable to the facts of the case should have been "dangerous instrument." Again the form of verdict was revised and again the jury was returned to the jury room without objection or protest

by Helm. As finally accomplished, the verdict found Helm guilty of assault in the first degree by use of a dangerous instrument and set his punishment at a term of thirty years.

There is no issue here as to the content of the information or the verdict directing instruction applicable to the assault count, only the form of verdict. It is also apparent that Helm not only raised no objection to the procedure the court adopted, but advocated the necessity for taking the corrective action to cure the defect. It is doubtful that this record preserves any issue for appellate review of the method used to secure the ultimate verdict.

Even assuming that Helm is now entitled to question the court's action instructing the jury to return for further deliberation, there was no error in so doing. The verdict was defective and was not accepted because the punishment and the finding as to the offense were not compatible. The court is obligated to see that verdicts are in proper form and is authorized to require continued deliberation by the jury until a verdict in proper form is returned. *State v. Wood*, 355 Mo. 1008, 199 S.W.2d 396, 398 (1947); *State v. Hurley*, 602 S.W.2d 838 (Mo.App.1980).

The judgment is affirmed.

All concur.